VÁZQUEZ *v.* MARTÍNEZ ET AL.

APELACIÓN procedente de la Corte de Distrito de Aguadilla.

No. 688.—Resuelto en diciembre 15, 1911.

COBRO DE COSTAS—LITIS PENDENCIA.—Resultando de los autos que al iniciarse este pleito, el procedimiento que se había seguido para el cobro de costas contra la demandada había sido desestimado por resolución judicial y la parte acreedora había cedido las costas al demandante, no existe la litis pendencia alegada por el demandado.

ID.—PAGO DE LAS COSTAS.—En una demanda en cobro de costas en donde se alega que fueron aprobadas por el tribunal, es bastante para ejercitar la acción sin que sea requisito esencial alegar que dichas costas habían sido pagadas al tribunal, pues este hecho en nada afecta al éxito de la acción.

ID.—PRESCRIPCIÓN—OBLIGACIONES DERIVADAS DE CULPA O NEGLIGENCIA.—La prescripción para las acciones derivadas de la culpa o negligencia no rige en las acciones en cobro de costas, pues la responsabilidad derivada de culpa o negligencia no tiene nada que ver con la responsabilidad derivada de la malicia o temeridad con que se procede al iniciar o sostener un pleito, que son las causas determinantes de la condena de costas.

Pruebas—Excepción a su Admisión.—No puede una parte invocar error por parte del tribunal en la admisión de prueba contra la cual no ha opuesto excepción alguna sino que por el contrario la aceptó.

Cobro de Costas—Prescripción.—La prescripción de tres años que establece el artículo 1868 del Código Civil para el cobro de honorarios, derechos y gastos de abogados, registradores y otros funcionarios, no es aplicable a una acción en cobro de costas ejercitada por la parte acreedora o su cesionario y no por los abogados y funcionarios nombrados en el citado artículo.

Id.—Cesión de Costas—Prohibición de Adquirir.—La prohibición para adquirir que comprende el artículo 1362 del Código Civil, no es aplicable a una cesión de costas hechas por una parte a su abogado en pago de honorarios devengados en el mismo pleito en que dichas costas fueron causadas.

Id.—Cesión de Costas—Causa del Contrato.—No es nula por falta de causa la cesión de costas hecha por una parte a su abogado, en pago de honorarios profesionales que le debe, habiendo sido dichas costas aprobadas por el tribunal y condenada la parte contraria a su pago, siendo la causa de ese contrato la remuneración de los servicios profesionales de ese abogado.

Los hechos están expresados en la opinión.

Abogado del apelante: Sr. *Víctor Primo Martínez.*

Abogado del apelado: Sr. *Fernando Vázquez.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Por demanda que lleva fecha 10 de junio del año 1909, y que aparece jurada en 4 de abril del año siguiente, el abogado Fernando Vázquez, como cesionario de María Moreno, inició juicio ante la Corte de Distrito de Mayagüez contra Víctor Martínez y Martínez en reclamación de mil treinta dollars 10 centavos, habiendo pasado luego el conocimiento del juicio a la Corte de Distrito de Aguadilla, que lo terminó por sentencia de 4 de enero del corriente año, declarando con lugar dicha demanda y ordenando que el demandante recobre del demandado la suma reclamada con todas las costas a cargo del segundo. Esa es la sentencia objeto del presente recurso, interpuesto contra ella por el demandado Víctor Martínez y Martínez.

Las alegaciones fundamentales de la demanda son las siguientes:

1ª. Que en la Corte de Distrito de Mayagüez siguió juicio Víctor Martínez contra María Moreno sobre cancelación de embargo, que terminó por sentencia firme de 26 de noviembre

de 1901, declarando sin lugar la demanda y condenando en costas al demandante.

2ª. Que las costas de dicho juicio, según tasación practicada con arreglo a la Ley de Enjuiciamiento Civil antigua, ascendieron a cuatrocientos ocho dollars, 50 centavos; y habiendo sido impugnada dicha tasación por Martínez, recayó auto que también quedó firme, por el que se declaró sin lugar la impugnación con las nuevas costas a cargo del Martínez, las que ascendieron a doscientos treinticinco dollars.

3ª. Que en la misma Corte de Distrito de Mayagüez siguió otro juicio Víctor Martínez contra María Moreno sobre nulidad de escritura, que terminó por sentencia firme de 1º. de octubre de 1902, declarando sin lugar la demanda con las costas a cargo del demandante.

4ª. Que las costas del anterior juicio ascendieron a la cantidad de novecientos cuarentiocho dollars, 80 centavos; pero habiendo sido impugnada la tasación por Martínez, la corte de Mayagüez redujo los honorarios de los abogados y mandó practicar nueva tasación, que limitó la primera a la suma de trescientos ochentiséis dollars, 60 centavos.

5ª. Que en el año de 1905 se embargaron a Víctor Martínez en los dos pleitos de que se deja hecho mérito, para el cobro de las costas en que fué condenado, veintidós cuerdas con 67 céntimos de terreno, embargo que quedó ineficaz, porque dichos terrenos habían sido vendidos a José Fernández Hermida e inscritos a su nombre en el Registro de la Propiedad de Aguadilla.

6ª. Que en el año de 1906 María Moreno interpuso demanda ante la Corte de Distrito de Mayagüez contra Víctor Martínez con el fin de que fueran rescindidos ciertos contratos de cesiones de créditos hipotecarios y de enajenaciones de fincas rústicas y urbanas, celebrados por Víctor Martínez en favor de su hijo Víctor Primo Martínez, y quedaran sujetos los créditos cedidos y las fincas enajenadas al pago de las costas que adeudaba Víctor Martínez a María Moreno, habiendo sido

declarada sin lugar la demanda de rescisión por sentencia de 21 de septiembre de 1907 confirmada por esta Corte Suprema.

7ª. Que por escritura pública de 1º. de mayo de 1908, María Moreno con autorización de su esposo cedió al demandante en pago de una cantidad que le adeudaba, los créditos que por costas adeudaba la Moreno al Martínez, ascendentes a la cantidad de mil treinta dollars, 10 centavos, que ni en todo ni en parte ha pagado todavía Martínez al cesionario demandante.

8ª. Que el demandante por medio de mociones a las que acompañó la escritura de cesión ya mencionada, mociones que fueron notificadas a Martínez, solicitó en los dos pleitos a que se refieren las cuatro primeras alegaciones, la continuación de la vía de apremio para el cobro de las costas adeudadas por Martínez, y dichas mociones fueron declaradas sin lugar por resoluciones de 27 de agosto de 1908 bajo el fundamento de que tratándose de una cesión de créditos hecho a título oneroso de venta, la parte peticionaria sólo podía ejercitar su derecho dentro de un procedimiento distinto de aquel en que se originó el pleito, mediante el ejercicio de la acción personal apropiada al caso.

A la demanda opuso el demandado como excepciones previas la de que existe otra acción pendiente entre las mismas partes y por la misma causa de acción, la de que la demanda no aduce hechos suficientes para determinar una causa de acción, y la de que la acción de cobro de costas había prescrito por ministerio de la ley, según los artículos 43 de la Ley de Enjuiciamiento Civil, y 1869, inciso 2º. del Código Civil.

Tales excepciones fueron declaradas sin lugar por orden de 22 de junio de 1910, concediendo a la parte demandada el término de diez días para contestar la demanda.

Al contestar la demanda Víctor Martínez y Martínez admitió que en dos juicios seguidos por él contra María Moreno sobre cancelación de embargo y nulidad de una escritura, recayeron sentencias declarando sin lugar una y otra demanda, con imposición de costas al Martínez: que las costas del primer juicio ascendieron a cuatrocientos ocho dollars 50 centavos,

y las del segundo a trescientos ochenta y seis dollars 60 centavos; que en ambos pleitos, y para cobro de las costas, fué embargada una finca rústica de 22 cuerdas 67 céntimos, parte de otra denominada "Piedras Blancas," en el barrio Calabazas del término municipal de San Sebastián; que María Moreno interpuso demanda contra Martínez y otros sobre rescisión de contratos, que fué declarada sin lugar por sentencia ejecutoria; que por escritura pública de 1º. de mayo de 1908 María Moreno cedió y traspasó al demandante los créditos representados por las dos condenas de costas impuestas al Martínez en los dos pleitos seguidos contra María Moreno, costas que ascendían a $1,030.10, y que dicho demandante gestionó el cobro de las referidas costas en ambos pleitos.

Negó Víctor Martínez las demás alegaciones de la demanda por falta de información y creencia, y alegó que las costas cuyo cobro se reclama están prescritas, entre otras razones por la consignada en el inciso 2º. del artículo 1869 del Código Civil.

El demandado formuló también reconvención o contrademanda contra el demandante Fernando Vázquez y los esposos María Moreno y Sergio Ramírez haciendo las alegaciones que al efecto estimó oportunas, y concluyó con la súplica de que se dictara sentencia con los siguientes pronunciamientos:

1º. Que la acción ejercitada para el cobro de costas está ya prescrita; 2º. que si no está prescrita, tal acción es ineficaz por proceder de un contrato ilícito y prohibido; 3º que si hubiere lugar al cobro de las costas reclamadas, se decrete su compensación con un crédito hipotecario que debían y deben los esposos María Moreno y Sergio Ramírez; 4º que una hipoteca constituída a favor de Martínez sobre finca de 54 cuerdas 47 céntimos del barrio de Guatemala de San Sebastián está vigente, y por tanto Martínez tiene derecho a recobrar de los poseedores de dicha finca, María Moreno y Sergio Ramírez la cantidad de seis mil seiscientos treinta pesos con 63 centavos garantizados por aquella hipoteca, más los intereses conveni-

dos y capitalizados anualmente desde el vencimiento de la obligación hasta su efectivo pago; 5°. que se impongan todas las costas a los contrademandados Fernando Vázquez, María Moreno y Sergio Ramírez.

A la contestación y reconvención de Víctor Martínez opuso el demandante las excepciones de que varias causas de reconvención habían sido acumuladas indebidamente, y de que la contestación del demandado no contenía hechos bastantes para una oposición a la demanda, ni tampoco para una reconvención.

De esas excepciones sólo fué declarada con lugar la de que la contrademanda no exponía hechos suficientes para constituir una verdadera reconvención, habiendo sido desestimadas las demás por orden de la corte de 24 de octubre de 1910.

El demandado entonces con permiso de la corte enmendó su contestación, alegando que desde el 23 de marzo del año 1898 el demandante Fernando Vázquez, como procurador primero y abogado después, fué apoderado y defensor de María Moreno en los dos pleitos que motivaron las condenas de costas de que se trata, y que por la escritura de 1°. de mayo de 1908 la Moreno vendió o cedió a su apoderado y abogado el demandante Vázquez las costas de dichos pleitos y las de otros en que también había intervenido Vázquez como representante y abogado de dicha Moreno, verificándose la cesión bajo la condición de que el cesionario estableciera acciones y pleitos contra Martínez y otras personas, sin que la cedente quedara sujeta a responsabilidad alguna para con el cesionario Vázquez por razón de dicha cesión o venta.

La súplica de la primitiva demanda quedó limitada a los pronunciamientos de que la acción había prescrito, de que en todo caso dicha acción era ineficaz, como originada en un contrato nulo, ilícito y prohibido, y de que se condenara en las costas del juicio al demandante, dejando sin efecto el aseguramiento decretado para asegurar la efectividad de la sentencia.

Celebrado el juicio recayó en él la sentencia de que ya he-

mos hecho mérito al principio, y que según hemos dicho ha sido recurrida por el demandado Víctor Martínez.

Alega la representación del demandado en su alegato escrito ante esta Corte Suprema, que la corte inferior cometió error al dictar la orden de 22 de junio de 1910 desestimando las excepciones previas opuestas a la demanda.

En cuanto a la primera excepción de existir otra acción pendiente entre las mismas partes y por la misma causa de acción, resulta de la demanda que el demandante Fernando Vázquez, como cesionario de María Moreno, por escritura pública de 1°. de mayo de 1908, trató de cobrar las costas que Martínez adeudaba a la Moreno a virtud de sentencias recaídas en dos juicios que entre ellos se habían seguido, y al efecto presentó mociones a la Corte de Distrito de Aguadilla, que fueron declaradas sin lugar por órdenes de 27 de agosto de 1908, bajo el fundamento de que tratándose de una cesión de crédito hecha a título oneroso de venta, el remedio legal procedente para hacer efectivo el derecho de que se creyera asistido Vázquez sólo podía ser ejercitado dentro de un procedimiento separado y distinto de aquel en que se originó el crédito objeto de traspaso, haciendo uso para ello de la acción personal apropiada al caso.

Si bien aparece de la demanda que María Moreno practicó gestiones en los dos pleitos seguidos por ella contra Víctor Martínez, para el cobro de las costas en que éste fué condenado, esas gestiones no estaban pendientes al iniciarse el presente juicio, sino que, lejos de continuarse, quedaron terminadas, habiendo sido Fernando Vázquez el que a virtud de la escritura de cesión de 1°. de mayo de 1908, intentó el cobro de dichas costas por la vía de apremio, lo que no consiguió por haber sido declarada sin lugar su pretensión por resoluciones de 27 de agosto de 1908, por la razón de que el cesionario Vázquez debía ejercitar su derecho en otro juicio distinto. Tales resoluciones fueron cumplidas por Vázquez promoviendo el presente juicio, y por tanto no puede considerarse pendiente la reclamación hecha en los dos juicios, con arreglo

al precepto del artículo 348 del Código de Enjuiciamiento Civil, según el cual "un pleito se considera pendiente desde que principia hasta su resolución final en apelación o hasta que haya expirado el tiempo para interponer el recurso de apelación, a menos que se haya cumplido el fallo con anterioridad."

No había pues, al iniciarse este pleito otra reclamación pendiente para perseguir el cobro de las costas adeudadas por Martínez a María Moreno, pues esta abandonó su reclamación cediendo al demandante Vázquez el derecho que tenía a cobrarlas, y Vázquez, consintiendo y ejecutando órdenes judiciales, desistió del cobro en los dos juicios en que las costas habían sido causadas, y para conseguir su fin inició el siguiente pleito.

En cuanto a la otra excepción de que la demanda no aduce hechos suficientes para determinar una causa de acción, basta una ligera lectura de la demanda para convencerse de lo contrario.

Se alega en la demanda que María Moreno en virtud de sentencias firmes obtuvo el derecho de cobrar al demandado Víctor Martínez el montante de las costas que por parte de ella se habían causado en el juicio, y que ese montante fué cedido al demandante Fernando Vázquez por escritura pública de 1°. de mayo de 1908. Tales hechos determinan la acción de cobro de lo debido. No era necesario alegar en la demanda que María Moreno había pagado las costas a cuyo reintegro fué condenado Martínez, pues el haberlas pagado o nó en nada afectaba al éxito de la acción, y a la Moreno le bastaba presentar minuta de las costas y honorarios en que fué condenado Martínez para obtener su aprobación, como la obtuvo, y proceder luego a su cobro.

Las tasaciones de costas quedaron firmes según se establece en la demanda, y siendo ello así, el cobro era procedente.

Tampoco ha prescrito por ministerio de la ley la acción del cobro de costas que es la 3ª. de las excepciones previas alegadas.

El Artículo 43 del Código de Enjuiciamiento Civil, invocado para sostener dicha excepción, dice así:

"Si se diese principio a una acción dentro del período requerido para su prescripción y en caso de apelación se revocare la sentencia inferior dada en favor del apelante, éste o sus representantes, si hubiere muerto y subsistiere la causa legal de la acción, podrán principiar una nueva acción dentro de un año después de la revocación."

No vemos, ni se nos ha demostrado, la relación que pueda tener el artículo transcrito con el presente caso.

También se ha invocado como razón legal de la prescripción el inciso 2º. del artículo 1869 del Código Civil, cuyo artículo dice así:

"Prescriben por el transcurso de un año:
"1ª.          *          *          *          *          *          *          *
"2. La acción para exigir la responsabilidad civil por injuria o calumnia, y por las obligaciones derivadas de la culpa o negligencia que se trata en el artículo 1803, desde que lo supo el agraviado."

Y el artículo 1803, dice:

"El que por acción u omisión causa daño a otro interviniendo culpa o negligencia, está obligado a reparar el daño causado."

Repetimos lo que ya hemos dicho anteriormente con relación al artículo 43 del Código de Enjuiciamiento Civil. No vemos ni se nos ha demostrado la relación que puedan tener los preceptos legales que acabamos de transcribir con la prescripción alegada.

La responsabilidad derivada de culpa o negligencia no tiene nada que ver con la responsabilidad derivada de la malicia o temeridad con que se procede al iniciar o sostener un pleito, y cuyas malicia o temeridad son las que determinan la condena de costas.

Entendemos pues, que la orden de 22 de junio de 1910 desestimando las excepciones previas se ajusta a derecho y a las alegaciones de la demanda.

En cuanto a la sentencia apelada, se alegan las siguientes infracciones legales, para conseguir su revocación.

1ª. De los artículos 81 y 4 del Código de Enjuiciamiento Civil y Código Civil respectivamente.

2ª. De los artículos 24, 56 y 107 de la Ley de Evidencia, en relación con el artículo 4º. del Código Civil.

3ª. De los artículos 1868 y 1874 del Código Civil.

4ª. De los números 2º. y 5º del artículo 1362 del Código Civil en relación con los artículos 4º. y 1083 del mismo Código.

5ª. Del artículo 1379 en relación con el 1242 del Código Civil.

6ª. De la sección 11ª. de la ley aprobada en 11 de marzo de 1909, para la organización de una comisión de abogados que examine e informe sobre las condiciones morales de los aspirantes al ejercicio de la abogacía ante los tribunales de la Isla de Puerto Rico, definiendo determinados deberes de los abogados y para otros fines, en relación con los incisos 2º. y 5º. del artículo 1362 y los artículos 1083 y 1242 del Código Civil.

A pesar de que algunos de los motivos del recurso nos parecen claramente frívolos, los examinaremos todos por el mismo orden en que han sido expuestos.

### PRIMER MOTIVO.

La demanda se presentó en la Corte de Distrito del Distrito Judicial de Mayagüez contra Víctor Martínez, vecino de San Sebastián, pueblo correspondiente al Distrito Judicial de Aguadilla, y después de haberse opuesto por el demandado excepciones previas a la demanda, fué trasladado el caso a la segunda corte expresada, que fué la que dictó la resolución de 22 de junio de 1910 desestimando dichas excepciones. Es lo único que aparece del récord en relación con los preceptos legales que se suponen infringidos. Lejos de existir tal infracción, se ha dado cumplimiento al artículo 81 del Código de Enjuiciamiento Civil, preceptivo de que en todos los demás casos no comprendidos en los artículos anteriores, el pleito deberá verse en el Distrito en que residieren los demandados o algunos de ellos al iniciarse el litigio, y como la demanda fué

presentada en la Corte del Distrito del Distrito Judicial de Mayagüez, fue trasladado el caso a la Corte de Distrito de Aguadilla por tener el demandado su domicilio en San Sebastián, pueblo de ese distrito. La nulidad a que se refiere el artículo 4º. del Código Civil no puede invocarse en el presente caso en que ambas cortes, la de Mayagüez y la de Aguadilla, han podido conocer el mismo, si el demandante se hubiera allanado a ello teniendo como tenían ambas cortes jurisdicción sobre la materia.

### SEGUNDO MOTIVO.

Los artículos 24, 56 y 107 de la Ley de Evidencia, en relación con el artículo 4º. del Código Civil, no pueden citarse como infringidos por la parte apelante, pues para ello debió oponer excepción a la admisión de las certificaciones de actuaciones judiciales traídas al juicio por el demandante como prueba; y lejos de haberlo hecho, aceptó dichas certificaciones y admitió su autenticidad. Tal error, si hubiera existido, sería ineficaz en el presente caso.

### TERCER MOTIVO.

Bajo ese motivo está comprendida la prescripción por haber transcurrido tres años sin haberse cobrado las costas, no habiendo mediado ninguna razón legal que interrumpiera la prescripción.

El artículo 1868 ordena que por el transcurso de tres años prescribirán entre otras acciones para el cumplimiento de obligaciones, la de pagar a los jueces, abogados, registradores, notarios, peritos, agentes y curiales sus honorarios y derechos y los gastos y desembolsos que hubieren realizado en el desempeño de sus cargos u oficios en los asuntos a que las obligaciones se refieran.

Como el presente pleito ha sido iniciado para cobrar costas de cuyo montante hizo cesión María Moreno a Fernando Vázquez y a cuyo pago había sido condenado Víctor Martínez, no es aplicable al mismo el artículo 1868, que se supone

infringido. · Si al demandado Víctor Martínez se le cobraran por alguno de los funcionarios expresados honorarios, derechos o gastos causados en el desempeño de sus cargos u oficios, podría alegarse el precepto contenido en la regla 1ª. del artículo 1868 sobre prescripción por el transcurso de tres años; pero como aquella condición no se llena en el presente pleito, no puede ser aplicable el artículo de referencia. Aquí se trata del cumplimiento de obligaciones declaradas por sentencias firmes. Acaso pudiera invocarse el artículo 239 del Código de Enjuiciamiento Civil, el cual ordena que la parte a cuyo favor se hubiera dictado sentencia·podrá en cualquier tiempo dentro de los cinco años después de registrada obtener una orden de ejecución para su cumplimiento, cuyo término de cinco años, con arreglo al artículo 243, aun vencido, no impide que se exija el cumplimiento de la sentencia, excepto en los casos de cobro de dinero, siempre que medie autorización de la corte a instancia de·parte o sentencia dada al·efecto en procedimientos adicionales; pero si se invocaran esos artículos, contestaríamos que en el presente caso no son aplicables, pues no se trata de obtener la ejecución de sentencia en los procedimientos en que se dictaron, sino que se ha iniciado otro procedimiento para obtener que el demandado pague al demandante, como cesionario de María Moreno, las costas a cuyo pago estaba condenado, pleito que ha sido iniciado por haber ordenado el Juez que Fernando Vázquez gestionara ese cobro en otro procedimiento, según resoluciones de 27 de agosto de 1908.

### CUARTO MOTIVO.

Los preceptos legales que se suponen infringidos en el cuarto motivo del recurso, dice así:

"Artículo 1362.—No podrán adquirir por compra, aunque sea en subasta pública o judicial, por si ni por persona alguna intermedia * * *.

"2ª. Los mandatarios, los bienes de cuya administración o enajenación estuviesen encargados * * *.

5º. Los jueces, individuos del Ministerio Fiscal, secretarios de tri-

bunales y juzgados y oficiales de justicia, los bienes y derechos que estuviesen en litigio ante el tribunal en cuya jurisdicción o territorio ejercieran sus respectivas funciones, extendiéndose esta prohibición al acto de adquirir por cesión."

"Se exceptuará de esta regla el caso en que se trate de acciones hereditarias entre coherederos o de cesión en pago de créditos o de garantía de los bienes que posean.

"La prohibición contenida en este número 5 comprenderá a los abogados respecto a los bienes y derechos que fueren objeto de un litigio en que intervengan por su profesión y oficio."

Se ha justificado en el juicio que el demandante Fernando Vázquez fué apoderado y abogado de María Moreno en los pleitos en que Víctor Martínez fué condenado al pago de las costas, y que María Moreno por escritura de 1°. de mayo de 1908 cedió al Vázquez el montante de dichas costas representado por la suma de 1,030.10 dollars en unión de otras costas, a cuyo pago había sido condenado en otros pleitos el Martínez. La cláusula 11ª. de dicha escritura dice así: "Las cesiones se verifican por la cantidad de 1,446.60 dollars, que la cedente señora Moreno deja en poder del cesionario Vázquez para pagarle igual cantidad que le corresponde por honorarios devengados como abogado en alguno de los pleitos referidos, y por honorarios y suplementos pagados a los otros abogados y demás personas que intervinieron en dichos pleitos."

El demandante Fernando Vázquez, que como hemos dicho era mandatario de María Moreno, no ha adquirido bienes de la misma de cuya administración y enajenación estuviese encargado. La Moreno era acreedora de Víctor Martínez por haber sido éste condenado al pago de costas en pleitos seguidos entre ambos y ese crédito fué cedido por la Moreno directamente a Vázquez con facultad legal para ello, de la misma manera que hubiera podido enajenar a Vázquez cualquier cosa mueble e inmueble de su propiedad, aun en el supuesto de que Vázquez estuviera encargado de su enajenación o administración . Nada tiene que ver con el presente caso el número 2°. del artículo 1362 del Código Civil.

La prohibición que respecto de los abogados contiene el

número 5°. del mismo artículo se limita a bienes y derechos que fueren objeto de un litigio en que intervengan por su profesión u oficio, y las cantidades cedidas por la Moreno al abogado Vázquez no eran derechos ni bienes litigiosos, sino el resultado de condenas de costas decretadas en pleitos terminados por sentencia firme.

Pero aunque se estimara que las cantidades cedidas por la Moreno a Vázquez representaran créditos litigiosos, tampoco estaría Vázquez comprendido en la prohibición del número 5°. del artículo citado, por haberse hecho esa cesión en pago de un crédito que por servicios profesionales tenía Vázquez en contra de la Moreno, que es la excepción contenida en el 2°. apartado del mismo número 5°.

### QUINTO MOTIVO.

Los artículos 1242 y 1379 que también se citan como infringidos, dicen textualmente:

"Artículo 1242.—Los contratos sin causa o con causa ilícita no producen efecto alguno. Es ilícita la causa cuando se opone a las leyes o a la moral.

"Artículo 1379.—Será nulo todo pacto que exima al vendedor de responder de la evicción siempre que hubiere mala fe de su parte."

Las pruebas suministradas en el juicio revelan que el contrato de cesión celebrado entre María Moreno y Fernando Vázquez tuvo una verdadera causa, cual fué la de remunerar la Moreno al Vázquez servicios profesionales que le había prestado, y ya hemos dicho antes que tal cesión era lícita, pues en el Código no existe precepto alguno que la impidiera o estorbara. Martínez estaba en la obligación de pagar a la Moreno las costas en que había sido condenado; ese crédito fué cedido por la Moreno al Vázquez en ejercicio de su legítimo derecho; poco importa al Martínez si la cesión tuvo por causa la que se expresa en el contrato u otra distinta; lo que le importa es la existencia del crédito cedido y tal crédito ha sido establecido por sentencias firmes.

Ciertamente que en la cláusula 12ª. de la escritura de ce-

sión se estipula que la cedente no queda sujeta a ninguna responsabilidad para con el cesionario por razón de la cesión, lo cual no quiere decir de modo categórico que exima el cesionario al cedente de responder de la evicción, pero aunque así fuera, como no consta que hubiera mala fé por parte del cedente, pues la existencia del crédito está justificada en autos, no puede estimarse nulo dicho pacto, y aunque así se estimara, la escritura de cesión se sostendría en su parte principal.

SEXTO MOTIVO.

Ya hemos dejado establecido que no han sido infringidos los artículos 1242 y 1362, incisos 2º. y 5º. del Código Civil. Tampoco son atinentes al caso la sección 11ª. de la ley de 11 de marzo de 1909 y artículo 1083 del Código Civil, por lo que huelga discutir esos supuestos errores.

Se ha alegado también por la parte apelante en el curso del debate ante esta Corte Suprema, que si bien en el hecho 4º. de la demanda se alega que los honorarios de los abogados fueron reducidos por auto de 21 de marzo de 1904 y se mandó practicar nueva tasación de costas que ascendió a la cantidad de 386.60 dollars, cuya tasación quedó firme, no es exacto ese último extremo, pues la nueva tasación de costas no fué modificada a Martínez, y por tanto no pudo quedar firme, según los artículos 368 y 260 de la antigua Ley de Enjuiciamiento Civil.

Acaso sea la alegación más importante del recurso, pero tampoco tiene virtualidad alguna a los fines pretendidos, como pasamos a demostrarlo.

Dispone el artículo 427 del Código de Enjuiciamiento Civil antiguo vigente en la fecha a que se refieren las tasaciones de costas de cuyo cobro se trata, que la Sala o en su caso el juez, cuando fueren impugnados los honorarios de letrados, peritos o cualesquiera funcionarios no sujetos a arancel, con presencia de lo que las partes o los interesados hubieren expuesto, y de los informes recibidos sobre los honorarios, aprobará la tasación o mandará hacer en ellas las alteraciones

que estime justas, y a costa de quien proceda, sin ulterior recurso. Como se ve, la resolución judicial aprobando una tasación de costas o mandando hacer en ella alteraciones, era firme *per se*, y no era necesario que la tasación de costas, con las alteraciones hechas, fuera nuevamente aprobada. Si al hacerse las alteraciones o modificaciones ordenadas se sufría algún error por el funcionario encargado de ello, ese error podía subsanarse con o sin reclamación de la parte interesada, y aun sin intervención de la autoridad judicial. En el presente caso no se alega que se hubiera sufrido error al darse cumplimiento al auto de 21 de marzo de 1904 y de las pruebas resulta que no se cometió.

Además, del mismo récord se desprende que el demandado y apelante Víctor Martínez tenía noticia de la tasación de costas reformada en cumplimiento del auto de que se deja hecho mérito, pues consta que María Moreno inició vía de apremio, la que Fernando Vázquez trató de continuar para el cobro de dichas costas, y no se sigue vía de apremio sin requerimiento previo al pago de lo que se adeuda. Siendo sabedor Martínez de la tasación reformada es lo mismo que si le hubiera sido notificada, según el artículo 279 del Código de Enjuiciamiento Civil ya citado.

Por las razones expuestas entendemos procede la confirmación de la sentencia apelada que dictó la Corte de Distrito del Distrito Judicial de Aguadilla en 4 de enero del corriente año.

*Confirmada.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf, del Toro y Aldrey.