*In re* LIC. FRANCO T. SÁNCHEZ FERRERI, querellado.

*Número:* O-83-322    *Resuelto:* 3 de enero de 1984

*Miguel Pagán, Procurador General Interino, y Eliadís Orsini Zayas, Procuradora General Auxiliar,* abogados de El Pueblo; *Baltasar Quiñones Elías,* abogado del querellado.

PER CURIAM: En virtud del informe del Colegio de Abogados de Puerto Rico sobre la conducta profesional del abogado Franco T. Sánchez Ferreri, el Hon. Carlos J. Irizarry Yunqué determinó causa probable y, en consecuencia, sometimos el expediente al Procurador General para formulación de querella. Dicha querella contiene el siguiente cargo:

El Lic. Franco T. Sánchez Ferreri incurrió en conducta altamente ilegal, inmoral, impropia y en contravención de los principios éticos más elementales que rigen a la profesión legal puertorriqueña en relación al Sr. Carmelo Quiñones, al apropiarse adjudicarse y utilizar para sí, estando vigente la relación abogado-cliente, —sin conocimiento ni autorización del cliente— un automóvil objeto de litigio en el caso que representaba a su cliente. Dicha conducta viola el Cánon *23* de los de Etica Profesional y las disposiciones legales: 4 L.P.R.A., sec 742 y 31 L.P.R.A., sec. 3773. Véase *Cornier* v. *Tribunal Superior*, 96 D.P.R. 253 (1968) e *In Re, Vélez*, 103 D.P.R. 590 (1975).

El Comisionado Especial, Lic. Ramón Pérez de Jesús, designado para oír y recibir prueba, nos sometió su informe, del cual aparecen las siguientes conclusiones de hechos:

1. El querellado Francisco Sánchez Ferreri fue admitido a la práctica de la abogacía el día 9 de junio de 1936 y, por lo tanto, lleva 47 años en la práctica de la profesión legal. Por admisión propia, de tal alegación hecha en la querella, ha sido disciplinado en dos ocasiones anteriores por este Honorable Tribunal. La última medida disciplinaria fue cumplida en abril de 1960 —hace 23 años— cuando ya rehabilitado fue reinstalado como miembro del foro.

2. En septiembre de 1970 el querellado comenzó a representar a Carmelo Quiñones Figueroa, como demandante, en el caso de daños y perjuicios Núm. CS 70-1917 del Tribunal Superior, Sala de Aguadilla. En este caso se dictó sentencia a favor del cliente del querellado adjudicándosele compensación de $1,060.00. El contrato de honorarios de abogado fue de naturaleza "contingente", a base de una tercera parte de la cuantía que, en su día, se obtuviese.

3. Para satisfacer el importe de la sentencia dictada a favor de su cliente, Carmelo Quiñones Figueroa, el querellado tramitó un procedimiento de ejecución de sentencia procediendo a embargar un vehículo de motor marca Chevrolet, Modelo de 1972. Este vehículo resultó haber sido adquirido por una tercera parte cuya relación con el caso de daños y perjuicios no quedó clara en la prueba presentada. Este vehículo estaba afecto a un gravamen de venta condicional y el comprador adeudaba la suma de $1,491.66 a la General Motors Acceptance Corporation. El comprador tenía varios pagos vencidos y pendientes de pago.

4. Carmelo Quiñones Figueroa, cliente del querellado, participó en la incautación del vehículo embargado acompañando [sic] al alguacil y, aunque el depositario judicial era otra persona, el automóvil quedó estacionado en el patio de la residencia del querellado. El vehículo estaba en vías de ser reposeído por la General Motors Acceptance Corporation debido a los pagos adeudados. Al momento del embargo, el vehículo tenía defectos serios: le faltaba la tablilla, el cristal delantero principal, no tenía batería y una llanta estaba inservible. De hecho, no estaba utilizable y se hizo necesario usar un camión-grúa para trasladarlo al lugar de depósito.

5. Para poner el vehículo en condiciones de venta era necesaria una inversión económica en reparaciones. Con el producto de la venta el querellado cobraría sus honorarios y el cliente recibiría su participación, pero este último no contaba con recursos económicos para financiar el costo de la reparación. En esta etapa de las relaciones de abogado y cliente, a base de la conducta de las dos partes y a lo declarado por ambas al respecto, inferimos que, bien expresa o implícitamente, el querellado fue autorizado por su cliente a financiar las reparaciones del vehículo y, una vez consumada la venta, cada cual obtendría su correspondiente participación del producto de ésta.

6. Hecha la reparación del vehículo, el querellado comenzó a usarlo, según él, para mostrarlo y tratar de acelerar su venta. Mientras esto ocurría, el cliente —Don Carmelo Quiñones Figueroa— se enteró de la deuda que afectaba al vehículo y los pagos atrasados. Solicitó del querellado que hiciera gestiones con la firma financiadora para obtener un plan de pago, pero este plan no pudo conseguirse debido a que el acreedor exigía el pago total de la deuda y de ésto no hacerse daría

curso a la reposesión del automóvil. Don Carmelo Quiñones Figueroa no contaba con medios económicos para el pago de la deuda en su totalidad y, ante esa situación, el querellado, sin que así fuera la realidad, entendió que tenía autorización tácita del cliente y tramitó el pago de la deuda, quedando el vehículo traspasado a su nombre.

7. Más adelante, inscrito el vehículo a nombre del querellado en el Departamento de Transportación y Obras Públicas, él utilizó el automóvil como parte del pronto pago (trade-in) para adquirir otro a nombre suyo. El cliente Carmelo Quiñones Figueroa no participó en forma alguna en esta transacción. No hubo aquí autorización expresa del cliente ni la prueba establece en forma irrefutable que hubo tal autorización en forma tácita, según alega el querellado.

8. No hubo prueba al efecto de que el cliente Don Carmelo Quiñones Figueroa recibiera cantidad alguna de dinero ni otros beneficios por razón del embargo, adjudicación y venta del vehículo en controversia. Esta propiedad sustituía, hasta donde alcanzare, el importe de la sentencia por la suma de $1,060.00 que se obtuvo a su favor en el caso de daños y perjuicios, Civil Núm. CS 70-1917 del Tribunal Superior, Sala de Aguadilla. (Informe del Comisionado Especial, págs. 3–5.)

Dicho informe fue notificado al Procurador General y al querellado para que expresara sus comentarios y objeciones. El Procurador General nos ha manifestado que coincide plenamente con las anteriores conclusiones del Comisionado Especial. El querellado no ha comparecido a expresar objeciones.

La conducta del querellado constituye una violación crasa al Canon 23 de Ética Profesional que prohíbe al abogado adquirir interés o participación alguna en el asunto de litigio que le haya sido encomendado. Dicho Canon también preceptúa que: "La naturaleza fiduciaria de las relaciones entre abogado y cliente exige que éstas estén fundadas en la honradez absoluta. En particular, debe darse pronta cuenta del dinero u otros bienes del cliente que vengan a su posesión y no debe mezclarlos con sus propios bienes ni permitir que se mezclen."

En vista de lo anterior *se dicta sentencia en que se separa indefinidamente al querellado Franco T. Sánchez Ferreri de la práctica de la profesión de abogado.*

Los Jueces Asociados Señores Díaz Cruz y Negrón García no intervienen. El Juez Asociado Señor Irizarry Yunqué se inhibió.