*In re:* CAYETANO COLL PUJOLS, querellado.

*Número:* O-73-9      *Resuelto:* 30 de mayo de 1974

*Miriam Naveira de Rodón, Procuradora General, J. F. Rodríguez Rivera, Procurador General Interino, y Adolfo Negrón Cruz, Américo Serra y Héctor R. Orlandi Gómez, Procuradores Generales Auxiliares,* abogados de El Pueblo; *Cayetano Coll Pujols,* por derecho propio; *Blanco Lugo, Martínez Muñoz, Morán & Lavastida, José M. Biaggi Junquera, Ramón Cancio y Rafael Hernández Matos,* abogados del querellado.

PER CURIAM: Contra el Lic. Cayetano Coll Pujols, admitido a la práctica de la abogacía por este Tribunal en el 1933, formuló el Procurador General los cargos que a continuación se relacionan:

## "PRIMER CARGO

"En o alrededor de marzo de 1968 el querellado Cayetano Coll Pujols convino en asumir la representación legal del Sr. Cecilio Méndez Pérez en una acción de daños y perjuicios que se comprometió a radicar a nombre de éste como demandante contra *Luis R. Spanoz Serrano (Cecilio Méndez Pérez demandante v. Luis R. Spanoz Serrano*, demandado, Civil Núm. 68-2240, del Tribunal Superior, Sala de San Juan). El querellado se limitó a redactar la demanda y delegó en su hermano el Lic. Víctor A. Coll para que éste la firmara y la radicara, todo ello sin tener autorización de ni haberle comunicado a su cliente de tal determinación, constituyendo tal actuación una conducta impropia, contraria al principio de conducta profesional contemplada en la Regla 9 de Procedimiento Civil.

## SEGUNDO CARGO

En el mismo asunto del Primer Cargo y para la siguiente fecha el querellado, Cayetano Coll Pujols, se comprometió a llevar un caso civil y llegó a demandar judicialmente estando bajo el convencimiento, como abogado, de que no existía una causa de acción a favor de su cliente.

## TERCER CARGO

Para la misma fecha el querellado, Cayetano Coll Pujols, observó una conducta impropia y negligente al no hacer las diligencias pertinentes y adecuadas para mantener a su cliente, Sr. Cecilio Méndez Pérez, enterado de los pormenores del caso judicial que éste le había encomendado, conforme se relaciona en el cargo primero.

## CUARTO CARGO

El querellado, Cayetano Coll Pujols, observó una conducta

impropia y en evidente perjuicio de los intereses de su cliente al abandonar expresamente una encomienda legal que le hizo éste, dejándolo en completo estado de indefensión, al no representarlo según lo convenido. A sabiendas de que la demanda había sido desestimada el 10 de febrero de 1969 y habiéndosele radicado en su contra una reconvención compulsoria el 18 de mayo de 1968 la cual le fue notificada, no contestó esta última, ni protegió en forma alguna los intereses de su cliente, habiendo quedado ésta vigente al desestimarse la demanda. Lo anterior provocó que éste sufriera los efectos de una sentencia en su contra y consiguientemente el embargo en el Registro de la Propiedad de su casa de vivienda y su inminente venta en pública subasta."

El querellado contestó oportunamente los cargos en la siguiente forma:

"2. *Primer Cargo*—Admite que en o antes del día 18 de abril de 1968 fue instruido por el señor Cecilio Méndez Pérez para iniciar una acción en reclamación de daños contra Luis R. Spanoz Serrano con motivo de un accidente ocurrido el día 9 de marzo anterior, encomienda que llevó a cabo mediante la radicación del pleito civil núm. 68-2240 de la Sala de San Juan del Tribunal Superior; que, debido a que el querellado no tenía despacho profesional establecido la demanda fue suscrita por su hermano el Lic. Víctor A. Coll, pero niega que para ello no estuviera autorizado por el demandante y que esta conducta sea contraria a las disposiciones de la Regla 9 de las de Procedimiento Civil.

3. *Segundo Cargo*—Admite que al presentar la demanda a que se ha hecho referencia abrigaba dudas sobre las posibilidades de éxito de la reclamación entablada, de lo que advirtió al señor Méndez Pérez, y que prosiguió en tal curso de acción a requerimiento de éste, para anticiparse a cualquier acción que pudiera iniciar el señor Spanoz Serrano.

4. *Tercer Cargo*—Niega los hechos alegados en el tercer cargo y afirmativamente expone que trató infructuosamente de comunicarse con su representado a través de la señora Ofelia Torres, Alcaldesa de Orocovis, quien le había referido el asunto

y acompañado al demandante en ocasión del inicio de la gestión profesional.

5. *Cuarto Cargo*—El querellado admite que no dispensó al demandante una adecuada y diligente representación profesional en el pleito mencionado, pero expone que ello se debió a la imposibilidad de comunicarse con éste y a la circunstancia apuntada de no tener establecida una oficina; niega que no se contestara la reconvención compulsoria presentada por la parte demandada y alega afirmativamente que la contestación fue formulada en 21 de mayo de 1968; acepta que con motivo de la falta de contestación a unos interrogatorios sometidos por la parte demandada el Tribunal Superior desestimó la demanda y procedió luego a celebrar vista sobre la reconvención y a dictar sentencia contra el demandante, la cual fue dejada sin efecto por sentencia dictada por este Honorable Tribunal Supremo de fecha 26 de enero de 1973 en el recurso O-72-101.

6. Niega que la conducta observada por el querellado fuera inmoral o impropia, y admite que fue negligente al no observar la debida diligencia en la representación de los intereses del señor Cecilio Méndez Pérez, reproduciendo en cuanto fuere menester, como circunstancias atenuantes aunque no exculpatorias, las expuestas precedentemente o que puedan surgir de la declaración jurada prestada ante el Procurador General el día 16 de noviembre de 1972."

Se estipuló por el querellado y el Procurador General someter la cuestión a nuestra consideración sin vista, y a base de las declaraciones juradas prestadas ante el Procurador General y del expediente de la causa civil número 68-2240 de *Cecilio Méndez Pérez* v. *Luis R. Spanoz Serrano*, obrante en el Tribunal Superior, Sala de San Juan. Accedimos a así dar por sometido el asunto. Las partes han presentado informes escritos que hemos considerado. A base de todo ello concluimos que deben desestimarse los cargos primero y tercero. El querellado incurrió en las faltas a que se refieren los cargos segundo y cuarto.

El primer cargo imputa como falta que el querellado delegara en otro abogado, su hermano Víctor A. Coll, para

que firmara y presentara en corte la demanda, sin tener autorización para ello de su cliente. No es buena práctica que un abogado firme alegaciones que otro ha preparado. Las explicaciones dadas por el querellado, sin embargo, excusan la irregularidad cometida. El querellado no tenía oficina propia y utilizaba la de su hermano, y por ello en ocasiones le pedía a su hermano que firmara cuando él no estaba. Además de su propia declaración, así surge también del testimonio prestado ante el Procurador General por el querellante Cecilio Méndez Pérez. No puede por tanto sostenerse que no autorizara que así se hiciera. Lo que Méndez Pérez no autorizó fue que el caso fuera encomendado por el querellado a su hermano para que éste asumiera su representación. Así lo entendieron el querellado, su hermano y el cliente y no hubo desviación de este entendido.

El tercer cargo, referente a la falta de comunicación entre el querellado y su cliente está explicado satisfactoriamente en la declaración del querellado y en la de la testigo Ofelia Torres de Meléndez. El Sr. Méndez Pérez fue donde el querellado por indicaciones de la Sra. Torres de Meléndez. La decisión de incoar la demanda se tomó en la corte, luego de que Méndez Pérez fuera absuelto del delito que se le imputaba. Méndez Pérez sabía donde localizar al querellado y no lo intentó hasta que le embargaron su propiedad. Por el contrario, el querellado desconocía la dirección de Méndez Pérez y a pesar de ello trató de comunicarse con él por mediación de la Sra. Torres de Meléndez. Aunque sus escasas diligencias no tuvieron el resultado deseado, estamos convencidos de que trató de comunicarse con él.

Los cargos segundo y cuarto son secuela uno del otro y acusan la violación de elementales principios de moralidad profesional. Pretendiendo atenuar el efecto de haber presentado una demanda improcedente nos dice el querellado, al contestar el segundo cargo, que "abrigaba dudas sobre las posibilidades de éxito de la reclamación entablada." Más que

abrigar dudas, el querellado sabía que su cliente no tenía razón. Así lo admitió sin rodeos en la declaración que prestó durante la investigación de la querella, cuando dijo, a la pág. 5: ". . . porque la demanda no me interesaba, porque en aquel entonces, y ahora, mi cliente no tenía razón; porque él fue responsable y por una cosa de esas inexplicables, el tribunal no creyó la prueba y absolvió a mi cliente."

La razón dada por el querellado para haber presentado una demanda improcedente fue la de desalentar la presentación de una demanda contra su cliente por la persona que conducía el automóvil que chocó con el de su cliente. En palabras del querellado, "el que da alante da dos veces." No alcanzamos a comprender el buen juicio de tal estrategia que por demás acusa poca o ninguna consideración hacia nuestro sistema de impartir justicia.

■ El Lic. Cayetano Coll Pujols incurrió con tal conducta en desobediencia al canon 17 del Código de Ética Profesional que rige la conducta de los abogados en Puerto Rico, 4 L.P.R.A. Ap. IX, C. 17. (1)

■ No conforme con haber preparado la demanda y lograr su radicación, consciente el querellado de que el demandado reconvino y reclamó una fuerte suma de dinero contra su cliente, se limitó a contestar la reconvención y a

---

(1) "Todo abogado debe negarse a representar a un cliente en un caso civil cuando estuviere convencido de que se pretende por medio del pleito molestar o perjudicar a la parte contraria, haciéndole víctima de opresión o daño. Su comparecencia ante un tribunal debe equivaler a una afirmación sobre su honor de que en su opinión el caso de su cliente es uno digno de la sanción judicial. La firma de un abogado en una alegación en un caso equivale a certificar que ha leído la alegación y que de acuerdo con su mejor conocimiento, información y creencia está bien fundada.

"Un abogado deberá solicitar permiso del tribunal para renunciar la representación profesional de su cliente en un caso en litigio cuando se convenza durante el curso del pleito que el mismo es injustificado y que se pretende por medio del proceso molestar o perjudicar a la parte contraria, haciéndole víctima de opresión o daño."

escribirle a la Sra. Torres de Meléndez para tratar de localizar a su cliente. No avisó al tribunal de que no se había podido comunicar con su cliente. Hizo caso omiso de todos los demás escritos de la parte contraria y de las órdenes del tribunal, las cuales le fueron enviadas por su hermano el Lic. Víctor A. Coll. Permitió por su inacción que se desestimara la demanda que había incoado, que se anotara la rebeldía de su cliente en cuanto a la reconvención, que se dictara y registrara una sentencia en su contra, que la sentencia se hiciera firme y ejecutable por el transcurso del término legal, y que finalmente se ejecutara mediante el embargo y consiguiente subasta de la casa de su cliente.

Cada abogado es un espejo en que se refleja la imagen de la profesión. Sus actuaciones reflejan ante la comunidad las bases del concepto que ésta se forme, no solamente del abogado en particular que actúa, sino también de la clase profesional toda que debe representar con limpieza, lealtad, y el más escrupuloso sentido de responsabilidad. El querellado ha sido abogado por cuatro décadas. Es precisamente hacia la veteranía de los años que miran los que se inician en el noble apostolado de la abogacía. Miran hacia los más viejos en la práctica para leer en sus experiencias lo que no dicen los libros de texto. Por eso, cada abogado debe tomar consciencia de que su quehacer profesional es también un magisterio. Quien desatiende su responsabilidad profesional traiciona la confianza de aquellos a quienes sirve y destruye la fe que el público debe tener en la grandeza y la nobleza de nuestra profesión.

A base de las anteriores consideraciones *se decretará la separación del Lic. Cayetano Coll Pujols del ejercicio de la abogacía por el término de un año.*

Los Jueces Asociados Señores Dávila y Cadilla Ginorio, no intervinieron.

—o—

RESOLUCIÓN

San Juan, Puerto Rico, a 28 de junio de 1974

Vistas las circunstancias que se relacionan en la moción de reconsideración radicada el 17 de junio de 1974, se deja sin efecto la sentencia de 30 de mayo de 1974 y se decreta en vez la separación del Lcdo. Cayetano Coll Pujols del ejercicio de la abogacía por el término de tres meses.

Lo acordó el Tribunal y certifica el Secretario. Los Jueces Asociados Señores Rigau y Martín no intervinieron.

(Fdo.) José L. Carrasquillo

*Secretario*