En el Tribunal Supremo de Puerto Rico

| IN RE:<br><br>LIC. HUMBERTO RAMIREZ FERRER<br>    Querellado<br><br>    V. | Conducta<br>profesional<br><br>99TSPR38 |
|---|---|

Número del Caso: CP-96-004

Abogados de la Parte Querellante: Lic. María de Lourdes Rodriguez Oficial Investigadora, Comisión de Etica, Colegio de Abogados

Abogados de la Parte Recurrida: Por derecho propio

Abogados de la Parte Interventora:

Comisionado Especial:  Hon. Ramón Gómez Colón

Juez del Tribunal de Primera Instancia:

Tribunal de circuito de Apelaciones:

Juez Ponente:

Fecha: 3/1/1999

Materia:

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lcdo. Humberto Ramírez Ferrer          CP-96-004

PER CURIAM

San Juan, Puerto Rico, a 1 de marzo de 1999

I

El 4 de noviembre de 1992, la Sra. Mercedes González Perdomo presentó una querella ante el Colegio de Abogados de Puerto Rico contra el Lcdo. Humberto Ramírez Ferrer. En ella alegó que dicho abogado, fungiendo como dueño de un negocio llamado H.R. Mortgage Corporation, financió una propiedad adquirida por ella ante el notario Luis Rodríguez Bigas, quien representaba a la institución financiera presidida por el querellado. Como parte del financiamiento otorgado , este dedujo del préstamo la cantidad de siete mil dólares ($7,000.00), de los cuales dos mil dólares ($2,000.00) se destinarían al

pago de un embargo a favor del Fondo del Seguro del Estado que pesaba sobre la propiedad a adquirirse, y cinco mil dólares ($5,000.00) para la terminación de una segunda planta en dicha propiedad. Sostuvo la querellante que a pesar de habérsele descontado esos dineros del préstamo otorgado no pudo inscribir su inmueble en el Registro de la Propiedad por no haber sido cancelado el embargo y que tampoco se terminó la construcción de la segunda planta.

Tras los trámites de rigor, la Comisión de Etica del Colegio de Abogados emitió el correspondiente informe de conducta profesional. Concluyó que el licenciado Ramírez Ferrer había actuado en contravención a los cánones 23, 37 y 38 de los de Etica Profesional.[1] En el informe se señala que el querellado se había comprometido en varias ocasiones, con la querellante y ante la Comisión de Etica, a devolver el dinero retenido indebidamente, cosa que no hizo hasta después que el Colegio de Abogados presentara la querella formal por orden de este Tribunal.

Específicamente, la Comisión de Etica sostuvo que la conducta del querellado demostraba:

> "[U]n gran menosprecio por la seriedad que debe de acompañar todo acto legal en el que se ve envuelto, además de que es indicativa de que utilizó el engaño y el dolo para inducir a la querellante a obtener a préstamo un dinero adicional que a todas luces no fue dirigido al

---

[1] En lo pertinente, dichos cánones disponen lo siguiente:

(a) Canon 23, 4 L.P.R.A. Ap. IX:

> "El abogado no debe adquirir interés o participación alguna en el asunto en litigio que le haya sido encomendado.

> Un abogado no debe adelantar o prometer ayuda financiera a su cliente [...], excepto que puede adelantar el pago de las costas del litigio[...] para representar debidamente el caso de su cliente.

> La naturaleza fiduciaria de las relaciones entre abogado y cliente exige que éstas estén fundadas en la honradez absoluta. En particular, debe darse pronta cuenta del dinero u otros bienes del cliente que venga a su posesión[...]."

(b) Canon 37, 4 L.P.R.A. Ap. IX:

> "La participación del abogado en negocios o actividades de venta de bienes, agencias de cobro, finanzas u otros servicios comerciales propios o pertenecientes a otra persona, no es una actividad propia de la buena práctica de la

> profesión si tal negocio o actividad tiene el fin directo o indirecto de proporcionarle trabajo profesional lucrativo que de otra forma el bufete no hubiese obtenido."

(c) Canon 38, 4 L.P.R.A. Ap. IX:

> "Por razón de la confianza en él depositada como miembro de la ilustre profesión legal, todo abogado tanto en su vida privada como en el desempeño de su profesión, debe conducirse en forma digna y razonable."

compromiso contraído en el financiamiento concedido a la querellante. <u>La actitud antiética del querellado se agrava cuando reconoce la falta cometida y promete devolver el dinero retenido indebidamente, incumpliendo además con la petición que le hiciera a esta Comisión</u>"[2]. (Enfasis suplido.)

Ante tales circunstancias, el 21 de marzo de 1996, este Tribunal emitió resolución ordenando la formulación de la correspondiente querella disciplinaria contra el licenciado Ramírez Ferrer. El 10 de abril de 1996, el Colegio de Abogados informó haber presentado la misma.

El 3 de mayo de 1996 el Colegio de Abogados presentó una moción informativa expresando que la querellante suscribió un documento informando que el abogado querellado le pagó la suma de cinco mil dólares ($5,000.00), razón por la cual aquella no tiene interés en continuar con la querella. Por su parte, el licenciado Ramírez Ferrer presentó contestación a la querella el 16 de mayo de 1996, donde sostuvo que en vista de que se había satisfecho el pago de la suma debida a la querellante y que ésta ya no interesaba proseguir con la querella, la misma se debía entender por desistida.

El 31 de mayo de 1996, nombramos al Hon. Ramón Gómez Colón para que en presencia de las partes y en calidad de Comisionado Especial, oyera y recibiera la prueba que éstas pudieran presentarle.

Consecuentemente, el 18 de junio de 1996, el Comisionado Especial señaló para el 5 de agosto de 1996 la celebración de una Conferencia con Antelación a la Vista con el propósito de simplificar las cuestiones litigiosas, considerar la admisión de prueba documental y notificar el nombre y dirección de testigos. La conferencia se celebró en la fecha señalada y en la misma el licenciado querellado trajo a la atención del Comisionado Especial la moción del Colegio de Abogados del 3 de mayo de

---

[2] La determinación de hecho número nueve (9) del Informe de la Comisión de Etica señala que:

"El querellado se comprometió **en varias ocasiones** con la querellante y ante la Comisión de Etica en devolver la cantidad de cinco mil dólares por concepto del dinero retenido indebidamente a la querellante. **El querellado incumplió con la promesa hecha de devolver dicha cantidad.**" (Enfasis suplido.)

1996. Ambas partes le informaron al Comisionado que el caso podía someterse por estipulación de documentos sin necesidad de celebrar vista. El Comisionado le concedió un término de cuarenta y cinco (45) días a las partes para que sometieran una moción conjunta informando acerca de los documentos a estipularse y su interés, si alguno, de que se celebrara vista en el caso.

A raíz de dicha determinación, el 28 de octubre de 1996, las partes presentaron una estipulación mediante la cual recapitulan el trasfondo fáctico del caso señalando que el Colegio de Abogados presentó la referida estipulación de hechos a fin de que este Tribunal decida sobre la continuación de los procedimientos, mientras que el querellado, por su parte, solicitó el archivo de la querella.[3]

Casi un año después, el 2 de octubre de 1997, el Comisionado Especial sometió un breve escrito intitulado "Informe", mediante el cual trae a nuestra atención la referida estipulación y nos señala que ésta "debe considerarse como los hechos probados y a tales efectos la sometemos a la consideración de este Tribunal". Examinado el Informe del Comisionado Especial, estamos en posición de resolver.

## II

De entrada es menester señalar que el ejercicio final de nuestra jurisdicción disciplinaria no puede ser acotado por un acuerdo entre la parte querellante y el abogado querellado. La admisión de responsabilidad civil y resarcimiento por el abogado a su cliente, constituirá un atenuante, e incluso podrá ser determinante para su archivo, si es que finalmente se insta una querella. *In Re Pagán Ayala*, 117 D.P.R. 180 (1986). No obstante, el archivo no será favorecido en aquéllas situaciones en que la negligencia profesional haya ido acompañada de un comportamiento que atente contra el prestigio y la dignidad pública que debe caracterizar al abogado. *Id.*

---

[3] En la estipulación el querellado aceptó que H.R. Mortgage retuvo la cantidad de dinero alegada; que la querellante finalmente recibió los cinco mil dólares

Por otro lado, en numerosas ocasiones hemos señalado que "la confianza entre abogado y cliente, en particular, el escrupuloso manejo de fondos, constituye elemento inseparable que se proyecta no sólo dentro del foro togado puertorriqueño, sino en el respeto y la estima ante la imagen pública." *In re Fernández Paoli,* Op. de 6 de junio de 1996, 141 D.P.R. ___ (1996), 96 J.T.S. 87; *In re Félix*, 111 D.P.R. 671, (1981); *In re Báez Torres*, 108 D.P.R. 358 (1979). Asimismo, hemos resuelto que un abogado querellado no se libera de una posible sanción disciplinaria por el mero hecho de haber devuelto el dinero retenido, o por haberlo retenido sin la intención de apropiarse de él permanentemente. **"La dilación en la devolución de los fondos de por sí es causa suficiente para tomar medidas disciplinarias contra el abogado"**. *In re Vázquez O'Neill*, 121 D.P.R. 623, 628 (1988); *In re Arana Arana,* 112 D.P.R. 838 (1982). (Enfasis suplido).

El criterio general respecto a los deberes del abogado para con sus clientes claramente dispone que la relación de abogado y cliente debe fundamentarse en la absoluta confianza, por lo que todo miembro del foro legal le debe a sus clientes un trato profesional caracterizado por la mayor capacidad, la más devota lealtad y la más completa honradez. *In re Córdova González,* Op. de 9 de marzo de 1994, 135 D.P.R. ___ (1994), 94 J.T.S. 23. Una actuación contraria a este postulado amerita la separación del abogado del ejercicio de la profesión. *In re Castro Mesa et al,* 131 D.P.R. 1037 (1992); *In re Sánchez Ferreri*, 115 D.P.R. 40 (1984); *Colón v. All American Life. & Cas. Co.*, 110 D.P.R. 772 (1981); *In re Cepeda Parrilla*, 108 D.P.R. 353 (1979). Constituye un grave atentado a la relación fiduciaria entre abogado y cliente que aquél retenga una suma de dinero que le adelantó el segundo en concepto de honorarios, sin realizar la gestión a la cual se comprometió. Canon 23 de los de Ética Profesional, supra, *In re Rivera Carmona.* 114 D.P.R. 390 (1983); *In re Arana Arana*, *supra.*

---

($5,000.00) solicitados y que el embargo anotado sobre la propiedad en controversia fue cancelado.

No obstante lo anterior, "es esencial distinguir entre la relación abogado-cliente sujeta a los respectivos reglamentos y las otras actividades que con frecuencia los abogados llevan a cabo y que no están relacionadas con su práctica profesional. Recuérdese que un abogado puede dedicarse a actividades ajenas a su profesión **y que nuestra jurisdicción disciplinaria no se extiende a este ámbito a menos que se realice con 'el fin directo o indirecto de proporcionarle trabajo profesional lucrativo que de otra forma el bufete no hubiese obtenido'"**. *In re Belén Trujillo*, 126 D.P.R. 743, 756 (1990); *In re Roldán Figueroa*, 106 D.P.R. 4 (1977); *In re Clavell Ruiz*, 106 D.P.R. 257 (1977).

El Colegio de Abogados concluyó en su informe que la conducta del licenciado Humberto Ramírez Ferrer repugna los cánones 23, 37 y 38 de Etica Profesional. Sin embargo, el canon 23 presupone una relación de abogado-cliente para que podamos ejercer nuestra jurisdicción disciplinaria, quedando excluida de su alcance aquella conducta no relacionada con la profesión legal. En el caso ante nos, la relación entre la querellante y el querellado en ningún momento adquirió la naturaleza de una relación de abogado-cliente. El licenciado Ramírez Ferrer actuó en sus negocios con la querellante exclusivamente en calidad agente de la casa hipotecaria H.R. Mortgage y no le prestó en ningún momento servicios legales a ésta.

Asimismo, el canon 37 establece que la participación del abogado en negocios o actividades comerciales no es propia de la buena práctica de la abogacía únicamente **"si tal negocio o actividad tiene el fin directo o indirecto de proporcionarle trabajo profesional lucrativo que de otra forma el bufete no hubiese obtenido"**. Del expediente del caso ante nos no surge que el licenciado Ramírez Ferrer haya utilizado su casa hipotecaria con el fin directo o indirecto de atraer trabajo profesional lucrativo que de otra forma su bufete no hubiese obtenido.

En vista de lo anterior, no podemos adoptar la recomendación del Colegio de Abogados de que sancionemos al querellado por incumplir con los cánones 23 y 37 de Etica Profesional.

No obstante, debemos hacer constar que, como parte de la autoridad inherente de este Tribunal para separar a un abogado del ejercicio de la profesión, estamos facultados para ordenar la suspensión de un letrado de la práctica de la abogacía por causas adicionales a aquellas que ha decretado la Asamblea Legislativa para el desaforo. *Colegio de Abogados v. Barney,* 109 D.P.R. 845, 847 (1980); *In re Liceaga*, 82 D.P.R. 252, 255 (1961); *In re González Blanes,* 65 D.P.R. 381, 391 (1945); *In re Tormes*, 30 D.P.R. 267, 268-269 (1922). Esta facultad se extiende incluso a aquellos casos en los que el abogado incurre en conducta impropia que no está directamente relacionada con la práctica de la profesión, cuando dicha conducta le hace indigno de pertenecer al foro. *Colegio de Abogados v. Barney, supra,* pág. 847; *In re Liceaga, supra*, págs. 255-256; *In re Abella,* 67 D.P.R. 229, 238 (1947); *In re Tormes, supra*, pág. 270.

Dicho esto, coincidimos con lo señalado por el Colegio de Abogados al concluir que la conducta del querellado atentó contra la norma de conducta general dispuesta en el canon 38 que exige la preservación del honor y la dignidad de la profesión. Dicho canon dispone en su parte pertinente: "Por razón de la confianza publica depositada en el abogado, éste debe de conducirse en forma digna y honorable tanto en su vida privada como en el desempeño de su profesión". En *In re Coll Pujols*, 102 D.P.R. 313 (1974), señalamos que "[c]ada abogado es un espejo en que se refleja la imagen de la profesión. Sus actuaciones reflejan ante la comunidad las bases del concepto que ésta se forme, no solamente del abogado en particular que actúa, sino también de la clase profesional toda que debe representar con limpieza, lealtad, y el más escrupuloso sentido de responsabilidad." *Id.,* pág. 319.

Ciertamente, la retención indebida de cinco mil dólares ($5,000.00) por parte del querellado, acordada en el contrato de hipoteca para la supuesta terminación de una segunda planta —que nunca se completó—, así como su conducta posterior ante el Colegio de Abogados al incumplir en reiteradas ocasiones con la promesa de devolver la cantidad retenida, son

indicativas, como bien se señala en el Informe, de "un gran menosprecio por la seriedad que debe de acompañar todo acto legal en el que se ve envuelto, además de que es indicativa de que utilizó el engaño y el dolo para inducir a la querellante a obtener a préstamo un dinero adicional que a todas luces no fue dirigido al compromiso contraído en el financiamiento concedido a la querellante". Esta conducta dolosa del querellado se vio agravada por el hecho de que no fue hasta después que el Colegio de Abogados presentara la querella formal por instrucciones de este Tribunal, más de tres años y medio luego de que la querellante le reclamara la devolución de los cinco mil dólares por su incumplimiento, que el querellado devolvió la cantidad retenida indebidamente. Este comportamiento mancilla inaceptablemente la imagen de la profesión y constituye una violación al precepto que le exige a todo abogado conducirse, aún en su vida privada, de forma digna y honorable y es, por tanto, suficientemente reprochable como para justificar la suspensión del ejercicio de la profesión por un término de tres (3) meses.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

Humberto Ramírez Torres          CP-96-004

SENTENCIA

San Juan, Puerto Rico, a 1 de marzo de 1999.

En virtud de la Opinión Per Curiam que antecede y que se hace formar parte de esta sentencia, se ordena la suspensión del ejercicio de la abogacía del Lic. Humberto Ramírez Ferrer por un período de tres (3) meses y hasta que otra cosa disponga este Tribunal.

Se ordena a la Oficina del Alguacil que se incaute de su obra notarial, incluso sello notarial, para ser remitida, examinada y oportunamente objeto de un Informe por parte de la Oficina de Inspección de Notarías.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Negrón García suspendería por un término no menor de seis (6) meses.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo