AB-1999-80                                                                1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>    Julio C. Silvagnoli Collazo | Queja<br><br>2001 TSPR 106<br><br>154 DPR _____ |
|---|---|

Número del Caso: AB-1999-80

Fecha: 29/junio/2001

Oficina del Procurador General

>Hon. Gustavo A. Gelpí
>Procurador General
>
>Lcda. Edna E. Rodríguez Benítez
>Procuradora General Auxiliar

Oficina de Etica Gubernamental:

>Lcdo. Hiram R. Morales Lugo
>Director Ejecutivo
>
>Lcda. Gretchen Camacho Rossy
>Lcda. Wanda Torres Velázquez

Abogado de la Parte Querellada:

>Lcdo. José Angel Cangiano

Materia: Conducta Profesional
        (La suspensión es efectiva a partir del 12 de julio de 2001, fecha en que se le notificó al abogado el Per Curiam y Sentencia)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

   Julio C. Silvagnoli Collazo           AB-1999-80


          PER CURIAM

   San Juan, Puerto Rico, a 29 de junio de 2001.


          El 30 de diciembre de 1997, el Área de Querellas de la Oficina de Ética Gubernamental (en lo sucesivo "O.E.G.") presentó una querella contra el Lic. Julio C. Silvagnoli Collazo (en lo sucesivo "el querellado"). Le imputó la violación del Artículo 3.2(c) de la Ley Núm. 12 de 24 de julio de 1985, según enmendada, conocida como la Ley de Ética Gubernamental del Estado Libre Asociado de Puerto Rico, 3 L.P.R.A. sec. 1822. [1]

---

[1] Dicho artículo dispone que "ningún funcionario o empleado público utilizará los deberes y facultades de su cargo ni la propiedad o fondos públicos para obtener, directa o indirectamente para él, para algún miembro de su unidad familiar, ni para cualquier otra persona, negocio o entidad, ventajas, beneficios o privilegios que no estén permitidos por ley".

Además, le imputó infracción al Artículo VI, Sección 9 de la Constitución del Estado Libre Asociado de Puerto Rico, 1 L.P.R.A. Art.VI, Sec.9, el cual establece que las propiedades y los fondos públicos sólo se utilizarán para fines públicos.

A tenor de lo anterior, le impuso una multa administrativa de $2,000.00. La O.E.G. y el querellado acordaron que este último pagaría la multa en cuatro plazos de $500.00 mensuales, a partir del 1 de julio de 1999. Mediante dicha estipulación, el querellado admitió haber infringido el Artículo 3.2(c) de la Ley de Ética Gubernamental del Estado Libre Asociado de Puerto Rico, *supra*, razón por la cual la O.E.G. nos refirió este asunto para que evaluásemos las posibles violaciones a la ética profesional.

I

El 9 de julio de 1999, el Lic. Hiram R. Morales Lugo, Director de la O.E.G., presentó ante nos una queja contra el querellado imputándole violaciones a los Cánones 6 y 38 de Ética Profesional, 4 L.P.R.A. Ap. IX. Ello así, por utilizar 266.25 horas laborables –de su trabajo como Asesor Legal del Municipio de Ponce– para atender casos privados, devengando $4,475.81 sin prestar servicio alguno a su patrono.[2]

El 10 de agosto de 1999, el querellado contestó la queja. Alegó que renunció a su puesto y aceptó el pago de la multa administrativa para no perjudicar al Hon. Rafael Cordero Santiago, Alcalde de Ponce, quien había sometido su nombramiento a la Asamblea Municipal de Ponce para un nuevo término como Asesor Legal. Manifestó, además, que en la resolución de la O.E.G. de 9 de julio de 1999, se emitieron una serie de juicios sobre su conducta profesional sin pasar prueba que la sustentara, e ignorando que para poder cumplir con sus funciones de Asesor Legal, tenía que trabajar en exceso de su horario regular de trabajo –incluso noches y fines de semana– sin devengar salario adicional.

El Director de la O.E.G. replicó la contestación del querellado el 19 de agosto de 1999. Señaló que tanto la resolución de 9 de julio de 1999 como la presente queja están basadas en los hechos estipulados por las partes. Añadió que, tratándose de un abogado, los Cánones de Ética Profesional lo obligan a referir este asunto ante nuestra consideración.

El 10 de febrero de 2000, el Procurador General presentó su informe. Indicó que no existe legislación que le impida a los funcionarios públicos ejercer la práctica privada de la abogacía, dentro o fuera de las horas laborables. Señaló, además, que el querellado no incurrió en conducta antiética al practicar privadamente la abogacía en su horario regular de trabajo como Asesor Legal del

Municipio de Ponce, por cuanto no surge del expediente que dicho municipio le prohíba a sus asesores ejercer privadamente la abogacía. Con respecto al Canon 6 de Ética Profesional, *supra*, expresó que no existía prueba de que el querellado hubiese representado intereses opuestos a los del Municipio de Ponce.

No obstante lo anterior, destacó la posible violación al Canon 38 de Ética Profesional, *supra*, por el querellado firmar las hojas de asistencia como si estuviese realizando las funciones inherentes a su cargo público, cuando en realidad ejercía la profesión de abogado en su carácter privado.

El 3 de marzo de 2000, la O.E.G. compareció mediante *Réplica al Informe del Procurador General*. Se opuso al planteamiento del Procurador General referente a la supuesta ausencia de legislación, razón por la cual hizo referencia al Artículo 13(c) del Reglamento de Ética Gubernamental, Reglamento Núm. 4827 de 20 de noviembre de 1992, el cual dispone:

> "(C) Ningún funcionario o empleado público aceptará otro empleo, ni se dedicará a cualquier actividad comercial, profesional o de otra naturaleza, en las siguientes circunstancias:
>
>> (1) Cuando esté o parezca estar en conflicto sustancial con los intereses de la agencia ejecutiva para la cual trabaja o con los intereses del Gobierno.
>> (2) Cuando interfiera o razonable-mente se pueda esperar que influya en el desempeño de sus funciones oficiales.
>> (3) **Cuando le impida prestar una jornada completa de trabajo a la agencia.**
>> (4) Cuando traiga descrédito a la agencia o al Gobierno." (Énfasis nuestro.)

Sobre este particular señaló, además, la aplicabilidad del Artículo VI, Sección 9 de la Constitución del Estado Libre Asociado de Puerto Rico, *supra* y el Artículo 3.2(c) de la Ley de Ética Gubernamental, *supra*. Asimismo, trajo a colación el Artículo 216 del Código Penal de Puerto Rico, 33 L.P.R.A. sec. 4391, el cual rige los delitos contra los fondos públicos. En lo pertinente, el inciso (a) dispone:

> "[s]erá sancionado con pena de reclusión por un término fijo de seis (6) años, pena de [sic] o multa que no excederá de diez mil (10,000) dólares, o ambas penas a discreción del tribunal, todo funcionario, empleado público o toda persona encargada de recibir, guardar, traspasar, desembolsar o en cualquier forma afectar

---

[2] El Municipio de Ponce recobró dicha cuantía mediante la retención del pago global de las licencias acumuladas para la fecha en que cesó en su puesto.

fondos públicos, que realizare cualesquiera de los siguientes actos:

(a) Sin autoridad legal se los apropiare en todo o en parte, para beneficio particular o el de otra persona."

Manifestó que, a su entender, el hecho de que un funcionario público practique activa y copiosamente la abogacía en horas laborables constituye una violación a los Cánones 6 y 38 de Ética Profesional, *supra*. Ello, por anteponer los intereses de sus clientes a los del Pueblo de Puerto Rico y por infringir su deber de evitar la apariencia de conducta impropia. También indicó que la conducta del querellado de firmar las hojas de asistencia, a sabiendas de que su contenido era falso, violó el Canon 35 de Ética Profesional, *supra*.

El 20 de marzo de 2000, el querellado presentó un escrito mediante el cual aceptó el Informe del Procurador General. Señaló que, aun cuando sus actuaciones pudieron haber constituido una apariencia de conflicto, nunca tuvo la intención de crear esa mera apariencia. Hizo hincapié en que nunca se ha presentado una queja en su contra y alegó que las imputaciones en su contra esbozadas en la réplica de la O.E.G. no están sustentadas.

En cumplimiento con nuestro requerimiento, el Procurador General compareció el 7 de julio de 2000 para expresarse en torno a la réplica de la O.E.G. Se reafirmó en que, en el presente caso, no existe prueba de conflicto de intereses, ni tampoco un precepto legal que expresamente prohíba que un funcionario público ejerza la práctica privada de la abogacía, fuera o dentro de horas laborables. No obstante, reconoció que el querellado admitió haber cobrado del Municipio de Ponce un salario ascendente a $4,475.87 por servicios no prestados; monto que devolvió mediante la correspondiente retención del pago de las licencias acumuladas. Por último, concluyó que el querellado no ejerció su buen juicio al cobrar por unos servicios no prestados, lo cual constituyó una violación a los Cánones 35 y 38 de Ética Profesional, *supra*.

El 10 de agosto de 2000, compareció el querellado mediante *Réplica a "Escrito en Cumplimiento de Orden"*. Adujo que lo estipulado con la O.E.G. fue con el propósito de ponerle fin a la campaña de desacreditación político partidista en contra del Alcalde de Ponce. Además, solicitó el archivo de la presente queja.

Por último, el 6 de noviembre de 2000, el querellado nos informó que el Lic. Luis E. Rodríguez Santiago, entonces Presidente del Comité Central del Partido Independentista Puertorriqueño de Ponce, tenía un contrato profesional con el Municipio de Ponce como Asesor Legal del Instituto Ponceño del Hogar. Alegó que la queja presentada en su contra se produjo a raíz de la cancelación de dicho contrato.[3]

Así las cosas, mediante resolución de 1 de diciembre de 2000, dimos por sometido este asunto.

II

El Canon 6 de Ética Profesional, *supra*, dispone:

> "[a]l prestar sus servicios profesionales ante organismos legislativos o administrativos el abogado debe observar los mismos principios de ética profesional que exige su comportamiento ante los tribunales. Es impropio de un abogado ocultar su gestión profesional ante dichas agencias gubernamentales mediante el empleo de terceros o de medios indirectos para promover determinada acción gubernamental en interés de su cliente. **Un abogado que ejerza su profesión y que además ocupe un cargo legislativo o gubernamental debe anteponer el interés público al de su cliente cuando ambos vengan en conflicto e inmediatamente renunciar la representación del cliente**." (Énfasis nuestro.)

En *García O'Neill v. Cruz*, 126 D.P.R. 518 (1990) resolvimos que, contrario al conflicto de intereses dispuesto en el Canon 21 de Ética Profesional, *supra*, la norma de incompatibilidad entre las funciones gubernamentales y las del abogado esbozada en el citado Canon 6 no requiere una relación abogado-cliente dual. Sobre este particular, expresamos que "[b]asta con que en el ejercicio de la función de abogado su actuación sea incompatible con la situación y

---

[3] Según el querellado, el Lic. Rodríguez Santiago encabezó una campaña radial contra su tercer nombramiento como Asesor Legal del

circunstancias del caso para que resulte obvio que la representación legal es impropia, por afectar la independencia profesional del abogado frente a otro interés público o privado".

El Canon 6 de Ética Profesional, *supra*, requiere que, **de estar en conflicto el interés público y el ejercicio de la profesión legal**, el abogado tiene que anteponer el interés del Estado y renunciar a la representación legal de su cliente. No surge del expediente que el querellado haya asumido la representación legal de un cliente cuyo interés esté en conflicto con sus funciones como Asesor Legal del Municipio de Ponce. En virtud de lo anterior, concluimos que el querellado no infringió el Canon 6 de Ética Profesional, *supra*.

Por otra parte, el Canon 35 de Ética Profesional, *supra*, establece lo siguiente con respecto al deber de los abogados de ser sinceros y honrados:

> "[l]a conducta de cualquier miembro de la profesión legal **ante los tribunales, para con sus representados y en las relaciones con sus compañeros** debe ser sincera y honrada.
>
> No es sincero ni honrado el utilizar medios que sean inconsistentes con la verdad ni se debe inducir **al juzgador** a error utilizando artificios o una falsa relación de los hechos o del derecho. Es impropio variar o distorsionar las citas jurídicas, suprimir parte de ellas para transmitir una idea contraria a la que el verdadero contexto establece u ocultar alguna que le es conocida.
>
> El abogado debe ajustarse a la sinceridad de los hechos al examinar los testigos, al redactar afidávit u otros documentos, y al presentar causas. El destruir evidencia documental o facilitar la desaparición de evidencia testifical en un caso es también altamente reprochable." (Énfasis suplido.)

A tenor del Canon 35 de Ética Profesional, *supra*, todo abogado ha de ser honrado y sincero ante los tribunales, para con sus clientes y con sus demás compañeros. *In re Aguila López*, res. el 27 de septiembre de 2000, 2000 T.S.P.R. 166, 2000 J.T.S. 178. Sobre este particular, hemos expresado que no es sincero ni honrado el utilizar medios que sean inconsistentes con la verdad. *In re Irrizarry Vega, González*

Municipio de Ponce con el propósito de causarle daño político a su

*Rucci*, res. el 24 de agosto de 2000, 2000 T.S.P.R. 128, 2000 J.T.S. 140.

No albergamos duda de que el querellado proveyó información falsa al certificar en las hojas de asistencia que estaba llevando a cabo funciones inherentes a su cargo, cuando en realidad estaba desempeñando gestiones privadas de la abogacía para su propio beneficio. Al así actuar, el querellado engañó a su patrono, el Municipio de Ponce. Sin embargo, el deber de sinceridad y honradez que dispone el Canon 35 de Ética Profesional, *supra*, es para con el juzgador, los clientes y los compañeros abogados. Por consiguiente, concluimos que el Lic. Silvagnoli Collazo tampoco incurrió en violación al Canon 35 de Ética Profesional, *supra*.

En lo pertinente al deber de exaltar el honor y la dignidad de la profesión y de evitar la apariencia de conducta impropia, el Canon 38 de Ética Profesional, *supra*, establece:

> "[e]l abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia."

En *In re Ortiz Brunet*, res. el 22 de noviembre de 2000, 2000 T.S.P.R. 170, 2000 J.T.S. 182, citando a *In re Coll Pujols,* 102 D.P.R. 313, 319 (1974), expresamos que "*[c]ada abogado es un espejo en que se refleja la imagen de la profesión....toda que debe representar con limpieza, lealtad, y el más escrupuloso sentido de responsabilidad.*" (Bastardillas en el original.)

Reiteradamente, hemos manifestado que el abogado ha de desempeñarse con dignidad y alto sentido del honor, aunque ello conlleve ciertos sacrificios personales. *In re Colón Ramery*, 133 D.P.R. 555, 562 (1993). Este Tribunal también ha sido enfático en que todo abogado debe conducirse en forma digna y honorable, tanto en la

Alcalde, Hon. Rafael Cordero Santiago.

vida privada como en el desempeño de su profesión. *In re Irizarry Vega, González Rucci,* supra, p. 59.

El Lic. Silvagnoli Collazo admitió haber devengado un ingreso del Municipio por servicios no rendidos. Lo anterior implica el cobro indebido de fondos públicos. Ciertamente, tal conducta constituye una violación al Canon 38 de Ética Profesional, *supra*. Dicho precepto obliga a los miembros de la clase togada a preservar el honor y la dignidad de la profesión. También les impone el deber de evitar la apariencia de conducta profesional impropia.

Dicho lo anterior, concluimos que el Lic. Silvagnoli Collazo infringió el Canon 38 de Ética Profesional, *supra*, al atender la práctica privada de la abogacía durante horas laborables, por las cuales cobró al Municipio de Ponce luego de certificar su asistencia, en lugar de dedicarse a ejercer la funciones inherentes a su puesto de Asesor Legal.

Reconocemos como atenuantes que el Lic. Silvagnoli Collazo pagó una multa administrativa ascendente a $2,000.00 a la Oficina de Ética Gubernamental y, además, reembolsó mediante retención del pago de las licencias acumuladas por el Municipio de Ponce, los salarios devengados por las horas que no trabajó.

Se dictará sentencia ordenando la suspensión inmediata del Lcdo. Silvagnoli Collazo del ejercicio de la abogacía por el término de tres (3) meses a partir de la notificación de la sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

   Julio C. Silvagnoli Collazo          AB-1999-80

SENTENCIA

San Juan, Puerto Rico, a 29 de junio de 2001.

A tenor de la Opinión Per Curiam que antecede y que se hace formar parte de esta sentencia, ordenamos la suspensión inmediata de Julio C. Silvagnoli Collazo del ejercicio de la abogacía por el término de tres (3) meses, a partir de la notificación de la sentencia. Le imponemos el deber de notificar a todos sus clientes de su presente inhabilidad de continuar representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados, e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Deberá, además, certificarnos dentro del término de treinta (30) días a partir de su notificación el cumplimiento de estos deberes, notificando también al Procurador General.

Se ordena al Alguacil General de este Tribunal que proceda a incautarse de la obra notarial y del sello notarial del abogado suspendido, debiendo entregarlos a la Directora de la Oficina de Inspección de Notarías para el trámite correspondiente.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez

AB-1999-80                                                        2

Asociado señor Rebollo López emitió Opinión de Conformidad. El Juez Presidente señor Andréu García y el Juez Asociado señor Fuster Berlingeri no intervinieron. El Juez Asociado señor Rivera Pérez no interviene.


                                        Isabel Llompart Zeno
                                         Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Julio C. Silvagnoli Collazo                    AB-1999-80

OPINIÓN DE CONFORMIDAD EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

San Juan, Puerto Rico a 29 de junio de 2001

Aun cuando estamos conformes con la Opinión Per Curiam que emite el Tribunal en el día de hoy —esto es, entendemos, al igual que la mayoría de los integrantes del Tribunal, que un abogado que es empleado público, a tiempo completo, viola las disposiciones del Canon 38 de los Cánones de Ética Profesional al dedicarse durante horas laborables, y mientras recibe su salario como empleado público, al ejercicio privado de su profesión— hemos entendido necesario expresarnos por separado.

Somos del criterio que el abogado que así actúa viola —además del Canon 38 de Ética Profesional— varias disposiciones del vigente Código Penal de Puerto Rico;

situación que podemos, y debemos, tomar en consideración en un proceso disciplinario.

I

En primer lugar, nos vienen a la mente las disposiciones del Artículo 165 del vigente Código Penal de Puerto Rico, 33 L.P.R.A. sec. 4271, el cual establece que comete el delito de "apropiación ilegal" toda persona:

> "...que ilegalmente se apropiare sin violencia, ni intimidación de bienes muebles, pertenecientes a otra persona, será sancionada con pena de reclusión por un término que no excederá de seis (6) meses, multa que no excederá de quinientos (500) dólares, pena de restitución, o cualquier combinación de éstas, a discreción del Tribunal."

En relación a ello, debe mantenerse presente que el Artículo 7, Inciso 5, del referido Código Penal, 33 L.P.R.A. sec. 3022 define el término "apropiarse" como que incluye:

> "...el malversar, defraudar, ejercer control ilegal, usar, sustraer, apoderarse, o en cualquier forma hacer propio cualquier bien o cosa en forma temporal o permanente." (Énfasis suplido.)

Procede que nos preguntemos: ¿defrauda al erario público un empleado que certifica haber trabajado doscientas sesenta y seis y un cuarto (266.25) de horas, las cuales realmente no trabajó y por las cuales percibió la suma de $4,475.81 de fondos públicos? La contestación en la afirmativa resulta evidente.

Más aún, este empleado público pudo haber sido, por esos hechos, acusado del delito de apropiación ilegal agravada, ello conforme las disposiciones del Artículo 166, Incisos (a) y (b), del referido Código Penal, 33 L.P.R.A. sec. 4272, como también pudo haber sido enjuiciado por violación a las disposiciones del Artículo 216 del Código Penal, 33 L.P.R.A. sec. 4391, disposición legal que castiga, como delito grave, la apropiación ilegal de fondos públicos.

Por otro lado, no debemos olvidar las disposiciones del Artículo 13, Inciso (c), del Reglamento de Ética Gubernamental, Reglamento Número 4827 de 20 de noviembre de 1992, el cual establece, en lo pertinente, que:

> (c) Ningún funcionario o empleado público aceptará otro empleo, ni se dedicará a cualquier actividad comercial, profesional o de otra naturaleza, en las siguientes circunstancias:
> (1)    Cuando esté o parezca estar en conflicto sustancial con los intereses de la agencia ejecutiva para la cual trabaja o con los intereses del Gobierno.
> (2).............................................................
> (3) Cuando le impida prestar una jornada completa de trabajo a la agencia.
> (4).............................................................
> (Énfasis suplido.)

No tenemos duda alguna que el abogado querellado, como correctamente sostiene el Director de la Oficina de Ética Gubernamental, violó las disposiciones del antes mencionado Reglamento.

En este aspecto, resultan pertinentes las disposiciones del Artículo 214 del vigente Código Penal, 33 L.P.R.A. sec. 4365, el cual establece que:

> Toda omisión voluntaria en el cumplimiento de un deber impuesto por la ley o reglamento a un funcionario o empleado público, o persona que desempeñare algún cargo de confianza o empleo público de no existir alguna disposición señalando la pena correspondiente a dicha omisión, se penará con reclusión que no excederá de seis meses o multa que no excederá de quinientos dólares o ambas penas a discreción del tribunal. (Énfasis suplido.)

Somos del criterio que el empleado público --el cual tiene el deber ineludible de cumplir con su jornada regular completa de trabajo-- que, como en el presente caso, en lugar de así hacerlo, emplea algunas de las horas laborables para dedicarse a otros menesteres personales lucrativos, infringe las disposiciones del antes transcrito Artículo 214 del Código Penal por razón de que éste voluntariamente omite cumplir con un deber impuesto por ley.

Atendido todo lo anteriormente expuesto, la conclusión de que el abogado querellado pudo haber sido acusado, en relación con los hechos que se le imputan, de haber infringido uno de varios artículos del vigente Código Penal --a saber: Artículos 165, 166, 214 y 216-- resulta ser mandatoria.[4] Afortunadamente para él, no fue acusado de delito alguno.

Ello no obstante, debe mantenerse presente la norma establecida por este Tribunal a los efectos de que el

> ...hecho de que un miembro de la profesión sea declarado inocente de unos cargos criminales *no* impide que contra dicho abogado se radique una querella por conducta profesional, en relación con los mismos hechos que dieron lugar a la acción penal, ante este Tribunal como tampoco impide que este Foro sancione a dicho abogado, por violación a los cánones de ética profesional, en relación con dichos hechos si es que así lo entendemos procedente. In re: Soto López, 135 D.P.R. 642, 645 (1994); In re: Franco Soto, 115 D.P.R. 740, 752 (1984); In re: Alvarez Crespo, 110 D.P.R. 624 (1981).

Añadimos nosotros, en el día de hoy, que el hecho de que las autoridades competentes --pudiendo hacerlo-- no radiquen cargos criminales contra un abogado, tampoco impide que este Tribunal actúe contra dicho abogado, en un procedimiento disciplinario, relacionados con actuaciones de éste que consideremos delictivas y/o anti-éticas y que nos sean debidamente reportadas y referidas.

## II

Expresado lo anterior, no podemos concluir sin referirnos a un tema que, aun cuando no es determinante en la controversia hoy ante nuestra consideración, a nuestro juicio resulta importante señalar y discutir.

La práctica de la profesión siempre ha sido una ardua y delicada. Con el pasar de los años, y desde un punto de vista estrictamente económico, dicha práctica se ha tornado cada día más complicada. Existe una realidad de la cual no podemos abstraernos: la

---

[4] Es por ello que resulta, cuando menos, sorprendente que la Oficina del Procurador General de Puerto Rico, en su comparecencia de fecha 10 de febrero de 2000, haya aseverado que no existe legislación que impida a los funcionarios públicos ejercer la práctica privada de la abogacía en horas laborables.

competencia "en la calle" es cada vez más fuerte; ello debido, de manera principal, al número, cada día mayor, de los abogados que se gradúan, aprueban la reválida y son admitidos al ejercicio de la profesión. La práctica privada de la profesión conlleva, naturalmente, gastos: hay que sufragar, entre otros, costos de alquiler de oficina, servicios secretariales, equipo y materiales. En fin, la práctica privada de la profesión es no sólo difícil sino que costosa.

Hoy nos enfrentamos a una situación que, <u>además de ser ilegal</u>, de permitirse resultaría enormemente injusta para los abogados en la práctica privada de su profesión. No podemos cruzarnos de brazos y permitir que abogados, <u>que perciben un salario como empleados públicos y que no tienen que hacer erogación alguna por concepto de gastos</u>, practiquen impunemente la profesión durante las horas que se supone estén laborando en los cargos públicos que ocupan en beneficio de la ciudadanía.

Esta situación, no sólo es, repetimos, una ilegal sino que constituiría una competencia desleal e injusta que agravaría la situación de los compañeros abogados que, día a día, intentan ganarse el sustento de su familia en la práctica privada de la profesión.

<br>

FRANCISCO REBOLLO LÓPEZ
Juez Asociado