per curiam:
Hoy nos vemos obligados a separar de la abogacía a una letrada que con sus actuaciones violó la médula de la profesión legal: el deber de honradez y el esfuerzo ineludible de promover y defender la dignidad y el honor de la abogacía en Puerto Rico.
I
La Leda. Gladys Guemárez Santiago (licenciada Guemárez Santiago) fue admitida al ejercicio de la abogacía en Puerto Rico el 1 de febrero de 1985 y prestó juramento como notaría el 17 de junio de 1988.
La Querella de epígrafe se remonta a una Queja presentada contra la licenciada Guemárez Santiago el 4 de febrero de 2004 por el Dr. Enrique Vázquez Quintana (doctor Vázquez Quintana o el quejoso). La Queja que presentó el doctor Vázquez Quintana mediante Declaración Jurada alude a una Demanda que presentó en su contra la licenciada Guemárez Santiago el 27 de septiembre de 2001. Por ser esencial para la disposición de la Querella de epígrafe, pasamos a discutir detalladamente los pormenores de la mencionada Demanda.
Según mencionado, el 27 de septiembre de 2001 la licenciada Guemárez Santiago presentó una Demanda por impericia médica en contra del quejoso en representación de su cliente, Alexandra Rodríguez Rodríguez (Alexandra Rodríguez Rodríguez v. Dr. Enrique Vázquez Quintana u otros, KDP-2001-1801). En síntesis, en la Demanda se alegó que el doctor Vázquez Quintana manejó negligentemente un tratamiento médico relacionado con un tumor de tiroides de la paciente Rodríguez Rodríguez. En la De *614 manda se reclamó la cantidad de un millón de dólares ($1,000,000) en daños y perjuicios.
Sin embargo, tras varias incidencias procesales, la licenciada Guemárez Santiago renunció a la representación legal de la demandante Rodríguez Rodríguez. Luego de tres (3) años de litigación, el caso por impericia médica contra el doctor Vázquez Quintana fue eventualmente desistido, ya que la demandante no poseía evidencia pericial alguna para probar sus alegaciones en contra del doctor Vázquez Quintana.
Debido a esa reclamación en su contra, y tras el desenlace del caso, el 14 de abril de 2004 el doctor Vázquez Quintana presentó una reclamación civil en contra de la licenciada Guemárez Santiago y su dienta. El quejoso alegó que, a causa de la reclamación frívola que presentó en su contra la licenciada Guemárez Santiago, este sufrió daños severos, vio afectada su reputación como médico y tuvo que incurrir en gastos adicionales para cubrir sus primas de seguros contra reclamaciones por impericia médica. Véase Dr. Enrique Vázquez Quintana y otros v. Gladys Guemárez, y otros, KDP-2004-0545. A su vez, y como hemos mencionado, el 4 de febrero de 2004 el quejoso presentó una Queja contra la licenciada Guemárez Santiago ante este Foro.(1)
Tras varios incidentes procesales, el foro primario inicialmente desestimó la reclamación presentada por el doctor Vázquez Quintana por entender que entre éste y la licenciada Guemárez no existía una relación abogadocliente. Sin embargo, el 30 de junio de 2010 el Tribunal de Apelaciones emitió una detallada Sentencia de cincuenta y seis (56) páginas en la que se revocó la determinación del foro primario.
*615 Específicamente, el foro apelativo intermedio encontró probados, entre otros, los hechos siguientes: Primero, que previo a presentar la reclamación por impericia médica contra el doctor Vázquez Quintana, la licenciada Guemárez poseía al menos dos (2) Informes Periciales de médicos en los que se concluía que este no había incurrido en negligencia alguna durante el tratamiento de la dienta de la querellada. Segundo, que a pesar de poseer estos dos (2) Informes Periciales, la licenciada Guemárez Santiago procedió a presentar la Demanda en contra del doctor Vázquez Quintana. Tercero, que durante el procedimiento de descubrimiento de prueba, la licenciada Guemárez Santiago ocultó la existencia de estos dos (2) Informes Periciales, tanto al Tribunal de Primera Instancia como a la representación legal del demandado. Cuarto, que durante el procedimiento de descubrimiento de prueba la licenciada Guemárez Santiago le informó al Tribunal y a la parte demandante mediante contestaciones a pliegos de interrogatorios que se encontraba en el proceso de contratar peritos para presentar tales pliegos como evidencia en contra del doctor Vázquez Quintana. Quinto, y por último, la propia dienta de la licenciada Guemárez Santiago testificó que esta le había informado que no entregaría los dos (2) Informes Periciales que exoneraban al doctor Vázquez Quintana hasta tanto lograra contratar otro perito.
Por todo lo anterior, y tras examinar la prueba contenida en el expediente, el Tribunal de Apelaciones revocó la determinación del foro primario y concluyó que la licenciada Guemárez Santiago respondía por los daños ocasionados al doctor Vázquez Quintana por haber presentado una reclamación frívola en su contra. Atales efectos, devolvió el caso al Tribunal de Primera Instancia para que determinara la cuantía en daños a la que tendría derecho el doctor Vázquez Quintana.(2)
*616 Tras esta determinación del Tribunal de Apelaciones, el 16 de noviembre de 2011 le remitimos el expediente a la Oficina del Procurador General y le ordenamos que presentara el correspondiente Informe. El 19 de enero de 2012 el Procurador General presentó su Informe, en el que concluyó que ameritaba comenzar una acción disciplinaria en contra de la licenciada Guemárez Santiago, ya que había quedado demostrado en las Sentencias emitidas por los foros inferiores que esta había incumplido con los cánones éticos de la profesión legal.
Específicamente, el Procurador General concluyó que la querellada había presentado una Demanda a pesar de con-tar con prueba pericial que exoneraba de responsabilidad al potencial demandado. Además, cuando la parte demandada envió un primer pliego de interrogatorios, la licenciada Guemárez Santiago no fue honesta en sus contestaciones y ocultó la existencia de los dos (2) Informes Periciales que poseía. Por otro lado, en sus reiteradas manifestaciones al Tribunal, la licenciada Guemárez Santiago informó que se encontraba en el procedimiento de buscar prueba pericial, lo que indujo al foro de instancia a conceder prórrogas que obligaron al quejoso a continuar invirtiendo tiempo y esfuerzo en defenderse de una reclamación que carecía de méritos.
El 25 de mayo de 2012, instruimos al Procurador General a presentar la Querella correspondiente. Así las cosas, el 19 de julio de 2012 el Procurador General presentó una Querella sobre conducta profesional contra la licenciada Guemárez Santiago por violaciones a los Cánones 17, 18, 35 y 38 del Código de Ética Profesional, 4 LPRA Ap. IX. Oportunamente, la letrada presentó su Contestación a la Querella. En esta adujo escuetamente que entendía que el caso que presentó contra el doctor Vázquez Quintana era uno meritorio, que en todo momento brindó una representación adecuada a su dienta, que nunca fue su intención *617 inducir a error al tribunal y que genuinamente se esforzó por exaltar el honor y la dignidad de la profesión legal.
El 26 de septiembre de 2012 designamos a la Hon. Eliadís Orsini Zayas como Comisionada Especial, quien celebró varias vistas en los días 31 de octubre y 2 de diciembre de 2013, 30 de enero y 11 de marzo de 2014. La Comisionada Especial rindió su Informe el 7 de mayo de 2014.
La Comisionada Especial examinó la voluminosa prueba que consta en el expediente y determinó que existía prueba clara, robusta y convincente para probar los cargos imputados a la licenciada Guemárez Santiago. Específicamente, la Comisionada Especial concluyó que la querellada había presentado una reclamación frívola en contra del doctor Vázquez Quintana a pesar de poseer Informes Periciales en los que se concluía que este no había incurrido en mala práctica de la medicina. Además, concluyó que la letrada faltó a su deber de sinceridad y honradez al ocultar la existencia de estos Informes Periciales, tanto al Tribunal como a la parte demandada. Finalmente, la Comisionada Especial determinó que la licenciada Guemárez Santiago faltó a su deber de preservar el honor de la profesión legal al presentar una Demanda frívola y obligar a la parte demandada a incurrir en gastos y provocarle angustias para defenderse de una reclamación para la cual la parte demandante no contaba con prueba qué sostener.
Contando con el beneficio del Informe de la Comisionada Especial y de la comparecencia de la licenciada Guemárez Santiago, procedemos a analizar las normas aplicables.
II
El Código de Ética Profesional recoge las normas mínimas de conducta que rigen a los abogados y las abogadas, y promueven un comportamiento ejemplar para beneficio de la ciudadanía, la profesión y las instituciones de *618 justicia. In re Ortiz Delgado, 189 DPR 826 (2013); In re Falcón López, 189 DPR 689 (2013).
En particular, hemos establecido que el Canon 17 del Código de Ética Profesional, supra, en lo pertinente, indica que “la comparecencia de un abogado ante un tribunal debe equivaler a ‘una afirmación de su honor de que en su opinión el caso de su cliente es uno digno de la sanción judicial’ ”. In re Guzmán Guzmán, 181 DPR 495, 509 (2011). A su vez, hemos mencionado que cuando un abogado firma una alegación en un caso, ello significa que el letrado ha leído la alegación y que, de acuerdo con su mejor conocimiento, información y creencia, está bien fundamentada y cuenta con evidencia para probarla. Id. Es por ello que he-mos sido enfáticos en establecer que cuando un abogado “presenta una demanda [o una petición al tribunal] sin tener toda la información necesaria para poder determinar si existe [,] o no, una causa de acción, ciertamente falla en actuar con la máxima diligencia que impone el Código de Ética Profesional”. In re Flores Ayffán I, 170 DPR 126, 133 (2007).
Por otro lado, hemos expresado que el Canon 18, supra, impone a todo abogado “el deber de desempeñarse de forma capaz y diligente al defender los intereses de su cliente, desplegando en cada caso su más profundo saber y habilidad, y actuando de la forma en que la profesión jurídica generalmente estima adecuada y responsable”. In re Reyes Coreano, 190 DPR 739, 750 (2014).
En específico, ese Canon establece, en lo pertinente, lo siguiente:
Este deber de desempeñarse en forma capaz y diligente no significa que el abogado puede realizar cualquier acto que sea conveniente con el propósito de salir triunfante en las causas del cliente. La misión del abogado no le permite que en defensa de un cliente viole las leyes del país o cometa algún engaño. Por consiguiente, al sostener las causas del cliente, debe actuar dentro de los límites de la ley, teniendo en cuenta no sólo la letra de ésta, sino el espíritu y los propósitos que la informan. 4 LPRAAp. EX, C. 18.
*619 Por ello, hemos expresado que "el deber de diligencia profesional del abogado establecido en el Canon 18 es totalmente incompatible con la desidia, despreocupación y displicencia en el trámite de un caso”. In re Reyes Coreano, supra, pág. 751.
A su vez, esta Curia se ha expresado en cuanto al Canon 35 del Código de Ética Profesional, supra. Este canon establece, en lo pertinente:
La conducta de cualquier miembro de la profesión legal ante los tribunales, para con sus representados y en las relaciones con sus compañeros debe ser sincera y honrada.
No es sincero ni honrado el utilizar medios que sean inconsistentes con la verdad ni se debe inducir al juzgador a error utilizando artificios o una falsa relación de los hechos o del derecho.
Es decir, la conducta de un abogado o de una abogada debe ser sincera y honrada frente a todos, tanto los tribunales como las partes adversas en un caso, y ante todo acto concebible del proceso judicial. In re Iglesias García, 183 DPR 572 (2011). En In re Reyes Coreano, supra, pág. 756, apuntamos que
[e]l deber establecido en el Canon 35 se infringe por el simple hecho de faltar a la verdad, independientemente de los motivos de la falsedad. En esencia, no es necesario que se haya faltado a la verdad deliberadamente o con la intención de defraudar o engañar. Por lo tanto, no es defensa no haber obrado de mala fe o deliberadamente, ni con intención de engañar, como tampoco lo es que no se le haya causado daño a un tercero. Lo fundamental es que se falte a los valores de honradez y veracidad, pilares de la profesión legal. (Énfasis suplido y escolios omitidos).
Por último, el Canon 38 del Código de Ética Profesional, supra, dispone que el abogado o la abogada "deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia”. Por ende, *620 este Canon “exige que todo abogado se conduzcan de tal forma que exalte la dignidad y el honor de su profesión”. In re Reyes Coreano, supra, pág. 757. Es por ello que hemos señalado enfáticamente que “por ser los abogados el espejo donde se refleja la imagen de la profesión, éstos deben actuar con el más escrupuloso sentido de responsabilidad que impone la función social que ejercen”. In re Santiago Ríos, 172 DPR 802, 822 (2007). Véanse: In re Quiñones Ayala, 165 DPR 138, 145 (2005); In re Silvagnoli Collazo, 154 DPR 533, 541 (2001); In re Ortiz Brunet, 152 DPR 542, 556 (2000).
Además, conviene mencionar que este Tribunal ha expresado que las determinaciones de hecho que hace un Comisionado Especial en un procedimiento disciplinario merecen nuestra deferencia, salvo que medie pasión, prejuicio, parcialidad o error manifiesto en su apreciación de la prueba. In re Ayala Vega II, 189 DPR 816 (2013).
Ala luz de este crisol doctrinario, pasemos a analizar los hechos de la Querella de epígrafe.
III
Como hemos mencionado, en la Querella se le imputa a la licenciada Guemárez Santiago violar el Canon 17, supra, por presentar un Demanda frívola en contra del doctor Vázquez Quintana. Según podemos colegir del Informe de la Comisionada Especial, no hay duda que la letrada de epígrafe tenía en su posesión dos (2) Informes Periciales de médicos que indicaron que, en su opinión, el doctor Vázquez Quintana no había incurrido en negligencia alguna durante el tratamiento que le proveyó a la dienta de la licenciada. Es decir, previo a comparecer a las puertas del foro judicial, la letrada conocía que ya dos (2) peritos que ella misma contactó no habían encontrado acto negligente alguno por parte del doctor Vázquez Quintana. Estos hechos quedaron probados tanto en el Tribunal de Primera *621 Instancia como en el Tribunal de Apelaciones. Concurrimos con la Comisionada Especial en que la licenciada Guemárez Santiago violó el referido Canon 17.
Sin duda, la reclamación civil que la licenciada Guemárez Santiago presentó contra el doctor Vázquez Quintana fue una reclamación frívola, conociendo que no contaba con prueba para sostener sus alegaciones. Como hemos visto, la firma de un abogado en una Demanda es una afirmación sobre su honor de que las alegaciones se hacen de buena fe y que habrá evidencia para sostenerlas. En el caso de la reclamación que presentó la licenciada Guemárez Santiago, hemos visto que esta poseía Informes Periciales que exoneraban al demandado. Aun así, decidió presentar una reclamación de impericia médica. Este tipo de práctica es inaceptable y atenta contra la médula misma de la profesión. Es sencillamente insostenible permitir que miembros de la profesión legal utilicen los tribunales para atacar, intimidar o destruir reputaciones de personas a sabiendas de que las alegaciones no se sostienen con la evidencia o documentación que el abogado ha revisado.
Por otro lado, también consideramos que se demostró que la licenciada Guemárez Santiago violó el Canon 18, supra. Como discutimos, este canon exige que los abogados y las abogadas representen los intereses de sus clientes de manera adecuada y diligente. En este caso, la letrada de epígrafe indujo a error al foro judicial y a la parte demandada al no ser honesta en sus contestaciones a varios pliegos de interrogatorios. Como vimos, el Canon 18 prohíbe que, mientras se defienden las causas del cliente, los miembros de la profesión legal lleguen al extremo de cometer crasos engaños. En este caso, quedó demostrado que la licenciada Guemárez Santiago ocultó información y le mintió al tribunal, a sus compañeros abogados y a su propia dienta.
Como si ello no fuera suficiente, compartimos el criterio de la Comisionada Especial en el sentido de que la abogada querellada tenía el control de toda la situación procesal del *622 caso presentado contra el doctor Vázquez Quintana. En este representaba y asesoraba a una dienta quien, como producto de su representación legal negligente, fue demandada y afectada en su patrimonio por decisiones judiciales',(3) todo ello producto de las acciones llevadas a cabo por la licenciada Guemárez Santiago al presentar una reclamación judicial frívola.
Por último, encontramos también que la letrada de epígrafe incumplió con los Cánones 35 y 38 del Código de Ética Profesional, supra. Quedó demostrado que esta faltó a su deber de honradez hacia los tribunales, las otras partes y su propia cliente. Esconder la existencia de opiniones periciales que iban en contra de las alegaciones de una Demanda que decidió presentar en el foro judicial es un acto burdamente deshonesto y rebasa las fronteras de lo ético. No nos queda duda de que con ello mostró un pobre respeto al deber de preservar el honor y la dignidad de la profesión legal, según lo exige el Canon 38.
En conclusión, quedó demostrado que las actuaciones de la licenciada Guemárez Santiago fueron las que propiciaron la presentación frívola de una Demanda por impericia médica contra el doctor Vázquez Quintana. Esa reclamación permaneció activa en el Tribunal de Primera Instancia por alrededor de tres (3) años, lo que obligó a la parte demandada a defenderse y, simultáneamente, forzó al foro judicial a atender un pleito que a todas luces era frívolo. La conducta de la licenciada Guemárez Santiago obstaculizó la función judicial so pretexto de promover los intereses de su cliente. Para colmo, obligó a una parte a defenderse de un pleito que ella sabía era frívolo desde antes de presentarlo. Lo que es más, las acciones de la letrada de epígrafe ocasionaron que su dienta fuera demandada y *623 terminara respondiéndole civilmente al doctor Vázquez Quintana.
Las actuaciones impropias y antiéticas de la licenciada Guemárez Santiago, que quedaron probadas con prueba clara, robusta y convincente, son muy serias y deshonran la profesión legal. Por lo tanto, separamos indefinidamente a la licenciada Guemárez de la práctica de la abogacía.
IV
Por todo lo anterior, se suspende inmediata e indefinidamente a la licenciada Guemárez Santiago del ejercicio de la abogacía. La licenciada deberá notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos en los que tenga algún caso pendiente. Estas gestiones deberán certificarse a este Tribunal dentro del término de treinta (30) días a partir de la notificación de esta Opinión y Sentencia.

Se dictará Sentencia de conformidad.

La Juez Asociada Señora Rodríguez Rodríguez no intervino. La Jueza Asociada Oronoz Rodríguez se inhibió.

 El 19 de agosto de 2004 este Tribunal ordenó al Procurador General que realizara una investigación y presentara un Informe sobre las alegaciones contenidas en la Queja instada por el doctor Vázquez Quintana. Posteriormente, el 17 de mayo de 2005 acogimos una recomendación del Procurador General y paralizamos los procedimientos de la Querella de epígrafe hasta que finalizaran los procedimientos de la reclamación civil que presentó el doctor Vázquez Quintana contra la licenciada Guemárez Santiago.

 La licenciada Guemárez Santiago presentó un recurso de certiorari ante este Tribunal para revisar la Sentencia del foro apelativo intermedio. Este fue declarado *616 “no ha lugar”. Vázquez Quintana v. Guemárez Santiago y otros, CC-2010-785.

 De hecho, consta en autos que la cliente de la licenciada Guemárez Santiago, la cual fue demandada por el doctor Vázquez Quintana, tuvo que acogerse a la protección de la Ley Federal de Quiebras.